## HUSTON, Executor, v. HUSTON.

1 **Default:** SERVICE BY PUBLICATION : EXECUTOR'S SALE. In a proceeding for the sale of real estate by an executor, wherein the probate court prescribes the same notice as is provided by statute in ordinary cases, a defendant in the proceeding, who has been served by publication only, is entitled to avail himself of the provisions of section 3160 of the Revision, and may thereunder have the order of sale, made on default set aside on motion therefor at any time within two years after the making of such order.

2 **Will:** CONSTRUCTION OF. A testator, after devising specifically several parcels of real estate and items of personal property to different persons, devised to J. B. H. a larger amount of real estate, personal property and choses in action, among which was a "home place" and a certain judgment against one Fitzsimmons. To this devise was added : "said J. B. to settle and pay all my just debts and demands against me, which my home place and Fitzsimmons judgment will pay all I am indebted, and put a tombstone over my remains." *Held,* that said J. B. H. took his devise with the liability to pay the debts of the estate, and that this burden was not limited to said home place and judgment, but extended to all the property devised to him.

*Appeal from General Term, Fifth District (Polk County).*

### THURSDAY, AUGUST 4.

JONATHAN B. HUSTON, one of the executors of the estate of W. H. Huston, deceased, filed his application in the circuit court of Polk county, for an order to sell certain real estate which belonged to the decedent in his lifetime and had been devised by him to the appellant, Samuel Huston. The application set out a copy of the will, which showed specific devises of real and personal property, first, to David Huston ; second, to Samuel Huston ; and third, to Jonathan B. Huston ; and it was set forth in the application that certain property devised for the

payment of the debts had been thus applied, and that there was still a balance of about $2,700 of debts unpaid ; and it asked that the property devised to each might be made liable in proportion to its value to its payment of said balance.

The application was sworn to, and stated that Samuel Huston was a non-resident of the state. An order was made by the court directing service of notice upon Samuel Huston to be made by publication in the Iowa State Register for four weeks. Service was made accordingly, and affidavit of publication duly made and filed. A default was then entered against Samuel Huston, and an order for the sale of his real estate, as prayed for, was entered at the April term, 1869. On the 28th of July, 1869, and before any sale was made, Samuel Huston appeared, and filed his motion to have the action retried, for the reason that he was served with notice by publication only. This motion was sustained, and the cause was set down for hearing, the said Samuel Huston having executed bond for costs, etc., as required by law, and the order of court. At the hearing, a demurrer to the petition was sustained. From this order, allowing a retrial, and from the judgment on the demurrer, Jonathan B. Huston, the executor, appealed to the general term, where the order and judgment were reversed, and Samuel Huston now appeals to this court.

*Withrow & Wright* for the appellant.

*Nourse & Kauffman* for the appellee.

COLE, Ch. J. — I. The first question made in this case is, whether, in a proceeding for the sale of real estate by an executor, a defendant, who has been served by publication only, has the legal right to have an order of sale made upon default set

I. DEFAULT : service by publication : executor's sale

Huston v. Huston.

aside upon his mere motion therefor, at any time before the sale and within two years after the order is made.

Our statute provides (Rev. § 3160), that, "where a judgment has been rendered against a defendant or defendants, served by publication only, and who do not appear * * * such defendant may, at any time within two years after the rendition of judgment, appear in court and move to have the action retried; and, security for costs being given, they shall be admitted to make defense." This statute, and the right under it, in civil actions generally, to appear and have the cause retried, is not controverted; but it is claimed, by the plaintiff's counsel, that this provision is not applicable to proceedings by an executor for the sale of real estate.

The statute regulating proceedings for the sale of real estate by executors, provides that "such notice as the court may prescribe must be given to all the persons interested in such real estate." Rev. § 2376. In this case, the circuit court prescribed the same notice as is prescribed by statute for actions originating in the district court. Rev. § 2831. The statute authorizing the court to prescribe the notice, does not undertake to specify the manner of service nor the effect of it; these are left to the general provisions relating thereto. And Revision, sections 4173 and 4174, make the rules of proceedings, etc., in every particular, prescribed for the district court, applicable to all other tribunals and proceedings. In view of all these provisions, and the fact that this application for a retrial was promptly made and before the sale under the judgment or order had taken place, we hold that it was not error for the circuit court to grant a retrial.

II. The second and only remaining question is as to the proper construction of the will of W. H. Huston:

2. WILL: construction of. *First*: The testator devises specifically several parcels and lots of real estate, and various

items of personal property, to his brother David Huston. *Second.* He devises other real estate and personal property to his brother Samuel Huston. *Third.* He devises a larger amount of real estate, personal property and certain choses in action to his brother Jonathan B. Huston, among which is his "home place" and a "Fitzsimmons judgment." To this devise he adds: "Said Jonathan B. Huston to settle and pay all my just debts and demands against me, which my home place and Fitzsimmons judgment will pay all I am indebted and put a good large tombstone over my remains in Greenwood cemetery, by the side of our father, provided I should die in or near Des Moines City, Iowa."

These three items constitute the entire will, and devise all the property owned by the testator. The original will contained no appointment of an executor; but by a subsequent clause or codicil the testator appointed his brother Jonathan B. Huston and W. W. Williamson his executors. The application for the sale of the real estate contained an averment that the testator collected and used the Fitzsimmons judgment before his death; that the executor had sold the "home place," and applied the proceeds in payment of the debts: and that there was a balance of debts still due of twenty-seven hundred dollars, for the payment of which he made this application for the sale of the real estate.

The question arises upon demurrer to the petition or application, and, is simply, whether Jonathan B. Huston takes his devise with the liability to pay the debts, or whether his obligation is only to apply the home place and Fitzsimmons' judgment to the payment of the debts. We hold the former, and this, chiefly, because the devise says that "said Jonathan B. Huston to settle and pay all my just debts and demands against me." There is no other provision made in the will for the payment of his

debts; the language following that just above quoted, to wit: "which my home place and Fitzsimmons' judgment will pay all I am indebted and put," etc., can only be given meaning by holding that it was the expression of an opinion by the testator as to what his home place and the judgment would pay; that to connect in one clause the words "which my home place, etc., will pay," with the words, "all my just debts and demands against me," and pause then, would leave the balance of the sentence meaningless, and the remainder of his debts unprovided for. The true construction of the will, as we hold, is, that Jonathan is to pay all the debts, and "which" debts the testator thought his home place and Fitzsimmons' judgment would pay. His mistakes does not limit the positive language of the devise. And while it may be true that the testator intended Jonathan B. Huston to have all he devised him, except the home place and the judgment, and by our construction we interfere with that intent, yet it is equally clear that he intended each of the other devisees to have all that was devised to them; and to take any part of it would interfere with his intentions. The loss, if any, must fall upon him whose right was made contingent upon the correctness of the testator's opinion.

Reversed.

Wright J., not concurring as to the last point.