VAN AKEN v. COLDREN.

Estates of Decedents: FINAL SETTLEMENT AFTER PUBLISHED NOTICE: REOPENING. Where notice of the final accounting of an executor has been published pursuant to order of court, made under the rules prescribed by the convention of the judges of the district court (see chap. 134, sec. 11, Laws of 1886), and the report has been approved and the executor discharged, all persons interested are bound thereby, and one who was not present at the settlement, and is adversely interested, cannot, within three months, have the accounts opened, under section 2475 of the Code, on the ground that the settlement was "without notice to him" within the meaning of said section.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FILED, MAY 23, 1890.

ACTION to open final settlement of accounts of defendant as executor, and consider objections to report. From an order refusing the application the plaintiff appeals.

*Ranck & Wade* and *J. S. Freeman*, for appellant.

*Joe A. Edwards* and *A. E. Swisher*, for appellee.

GRANGER, J.—The defendant was the executor of the estate of Thomas Hill, deceased. About June 23, 1888, he filed in the district court his final report, and asked that it be approved, and that he be discharged as such executor. The court fixed as a time for a hearing on such report and application for discharge the fourteenth day of July, 1888, and ordered that notice of such hearing be given by publication in the Iowa City *Republican* and Iowa *State. Press* on the fourth and eleventh days of July, 1888. Notice was ·given in pursuance of the order, and on the fourteenth day of July the hearing was had, the report approved, and the executor discharged. The petition in this proceeding was filed September 15, 1888, asking that the approval of the report be set aside, and that a further accounting be had. The petition recites as grounds for such action that in that final accounting there was allowed to the defendant three hundred dollars for extra services, and that there was allowed to him, for attorney's fees paid, the sum of twelve hundred dollars; that no such extra services were rendered for the estate of Thomas Hill by attorneys so paid; that whatever services they did render were at the request of, and for the benefit of, the heirs of Eliza D. Hill, and for which the estate ·of Thomas Hill was in no way liable; and that the fees so paid are exorbitant and unreasonable. Other objections to the report are recited in the petition; but, for the purposes of this appeal, they need not be noticed,

as, with our view of the case, the sufficiency of the petition as to averments need not be considered.

The defendant had notice of the application, and appeared by attorney, but no answer or pleading was filed; and at the June term, 1889, the cause was by consent submitted, on the petition alone, as to whether the cause should be opened for the considerations of the exceptions to the report presented by plaintiff. The district court, upon consideration of the matter, dismissed the petition; and the correctness of its action in this respect is for our determination. In addition to the facts stated, it should appear that, by the averments of the petition, plaintiff had no actual knowledge of the filing of the final report or accounting before the order for discharge. This is not a proceeding in equity, as contemplated in Code, section 2474. We can best present the basis of appellant's contention by quoting the first paragraph of his brief: "This is an action to have the account of an administrator opened for the reasons set forth in petition, and is authorized by Code, section 2475, which is in the following language: 'Any person interested in the estate may attend upon the settlement of accounts by the executor, and contest the same. Accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months on his application.'" It is not urged that this proceeding is available if plaintiff had notice of the final accounting, and the question is presented whether the published notice under order of the court is notice within the meaning of the section. The solution of the question is not free from difficulty, and is of general importance, and we have attempted its determination with commensurate care and consideration.

There is no provision of the statute requiring a notice in case of final settlement of estates. By "statute," here, we mean independent of rules of court, to be hereafter noticed. The section quoted by appellant (2475), however, contemplates that a notice may be given, and if given it has the effect to defeat the right

of opening settled accounts under its provisions. If no notice is given, the settlement, at the expiration of three months, becomes conclusive as to parties interested. Hence it will be seen that such settlements become conclusive in two ways: *First*, by notice given; and, *second*, by lapse of time. Of course, in this connection, we have no reference to rights given by section 2474. The law does not attempt to define the notice required to have the effect above stated in any respect, and hence the intention must have been to invest the court with a discretion in this respect, guarding its exercise by requiring it to be without abuse. If it be said that only a notice by personal service could have the effect to make the settlement conclusive (which is the position of appellant), in many cases the conclusiveness of settlements must be left to the lapse of time; for personal service upon all interested is impossible. It is because of the difficulties of such service that important interests are determined in estate matters upon substituted service of notice. The law favors that kind of notice and service which is most direct and certain, and, because of the difficulties of legislative knowledge as to particular cases, and the advantages of courts, with the cases in hand, for knowing the service that can be made, the courts are often invested with discretionary power in this respect. We do not incline to the view that the notice referred to in section 2475 must necessarily be by personal service. However, we do not think the decision of the question need rest alone on our holding as to this feature of the case.

By chapter 134, section 11, Acts Twenty-first General Assembly, it is provided that "the judges of the district court shall have power to prescribe uniform rules of practice for the government of the district courts of the state," etc. The act also provides for their meeting at the capital of the state for organization, and how the rules shall be published. In pursuance of this provision of the law the following rule was promulgated: "Unless notice be waived in writing, no

administrator, executor, guardian or trustee will be discharged from further duty or responsibility, nor upon final settlement, until notice of the application shall have been given to all persons interested, as required in case of an original notice for the commencement of a civil action, unless a different notice be prescribed by the court." Appellant's contention with regard to this rule is that, granting that it was properly adopted, the judges have no authority to adopt any rule which is inconsistent with the provision of the Code. Is it inconsistent with any provision of the Code? It is only claimed to be inconsistent with section 2475. The power given the judges was to prescribe uniform rules of practice. "Practice" is defined as "the form, manner and order of conducting and carrying on suits and prosecutions in the courts, through their various stages, according to the principles of law and the rules laid down by the respective courts." Bouv. Law Dict. The section recognizes a notice in the proceeding for final settlement, and the form and manner of its application must be a matter of practice. Having held that it need not be a personal notice, as a matter of law, the judges' convention might properly determine the form and manner of giving the notice. It is not a question of obtaining jurisdiction of the person; for the estate of Thomas Hill was properly pending in court, of which all persons interested must take notice, under the statutory notice before given. Code, sec. 2366. The final settlement is but a step in such a proceeding, and the provision for the notice in question is precautionary, but was not a necessity. To our minds, the rule in question is one regulating the courts, and is not invalid to the extent that it authorizes the service of such a notice by publication under rules of the district court. These considerations dispose of all necessary questions, and the judgment is          AFFIRMED.