R. M. STANBROUGH, Appellee, v. EDWARD COOK, Appellant.

Judgment: FORMER ADJUDICATION: NEW TRIAL.

*Appeal from Delaware District Court.*—HON. D. J. LENEHAN, Judge.

TUESDAY, OCTOBER 11, 1892.

THIS action is based upon the same facts and transactions as that between the same parties reported in 83 Iowa, 705, except that this action is for the value of the crop of 1890, while that action was for the crops of the years 1888 and 1889. In this case there was a judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*Henderson, Hurd, Daniels & Kiesel,* for appellant.

*Yoran & Arnold* and *Powers & Lacey,* for appellee.

GRANGER, J.—The appellant states the following as particulars wherein this case differs from the former, and bases a claim for reversal thereon: *"First.* That was for the value of the crops of 1888 and 1889; this is for the value of the crops of 1890. *Second.* At the time of the acts upon which the liability was asserted in that action, the decree by publi-

cation against Susan E. Daniels had not been opened. At the time of the acts upon which the liability is asserted in this action, said decree had been opened, and the matter was pending accordingly. *Third*. At the time of the acts upon which the liability is asserted in this action, there was a judgment in the defendant's favor in the former action. The judgment in the district court, in the former case, was for the defendant, and it is said in argument that "the judgment in the defendant's favor, with respect to the occupancy for 1888 and 1889, was conclusive upon all the questions at issue in that action." It is then said: "Those questions included all those on which the plaintiff can rely in this case;" and it is said, "that judgment entitled us to a judgment in this case."

To our minds the appellant discovers and solves the problem thus presented for us, when he says in argument: "There is now, however, a practical difficulty in the way of our relying on the former judgment, namely, that it has been reversed." That is the true solution, and renders further comment unnecessary. An erroneous judgment, not final, would not protect the defendant in taking the property of the plaintiff. But it is said the former judgment for the defendant "takes him out of the category of trespassers, and puts him in as good a position as a defendant in an ordinary action for the recovery of real property." This is urged on the theory of his good faith. But a wrong done in good faith does not make it, in a legal sense, right. Bad faith is not, necessarily, an element of trespass. While good faith may sometimes affect the extent of liability for trespass, it does not excuse it. We are led intuitively, to the thought, suggested by the appellant, that the judgment was reversed. It was not final, but erroneous, and gave no rights.

Susan E. Daniels, as appears from the facts stated in the other case, was the lessor of the defendant, and was the defendant in a proceeding of foreclsure by this plaintiff, and judgment was entered against her by deiault, and a retrial was afterwards granted under the provisions of Code, section 2877. It is now said that the decree as to her "stood open during the whole period involved herein." Without reference to the significance of the fact, if true, it is a misapprehension, The judgment was not opened or disturbed. The retrial was granted to see if it should be. The point is discussed in the other case of *Stanbrough v. Cook*, 83 Iowa, 705.

We see no reason for disturbing the judgment in this case, and it is AFFIRMED.