In the matter of the Estate of Margaretha Schmidt,
Deceased.

**Wills:** PROPERTY CHARGEABLE WITH DEBTS.  Under the provisions of
a will directing the payment of debts out of the personalty and
authorizing the surviving spouse to use and control all remain-
ing property, real and personal, and to sell or mortgage the same,
and providing that in case of sale one third of the proceeds should
be paid to a daughter, debts of the estate in excess of the per-
sonalty were chargeable against the realty, the daughter's interest
attaching only to what remained after payment of debts.

*Appeal from Blackhawk District Court.*—Hon. Franklin
C. Platt, Judge.

Friday, January 12, 1912.

The opinion states the case.—*Affirmed.*

*Sager, Sweet & Sager,* for appellant.

*Hemenway & Martin,* for appellees.

Sherwin, J.—Margaretha Schmidt and her husband,
Chas. W. T. Schmidt, made a joint will, which contained
the provisions following:

(2)   It is hereby declared that all the property seised
or possessed by either of these testators shall be taken and
held as their joint property in equal shares in whichsoever
of their names and in whosesoever possession and control
the same may be.

(3)   Out of any personal property mentioned in the
foregoing paragraph, all expenses of last sickness and bur-
ial and all expense of administration, and all joint in-
debtedness of testators, shall be fully paid and settled.

(4)   The residue of their said property and estate, after satisfying the charges hereinabove mentioned, shall pass to the survivor of these testators with conditions and limitations, and for the uses and purposes hereinafter expressed.

(5)   Such survivor shall have the full and absolute use and control of all such residue of property, real and personal, of whatsoever kind and wheresoever situated, and may sell and incumber the same at his discretion; but, in the case of sale, trade or exchange of any of said property, one-third part of the purchase price thereof shall be paid over for the use and benefit of our daughter, Lucia M. M. A. Hughes, the wife of George W. Hughes, or if she be not living, the use and benefit to go to such child or children as may be living at the time of such sale.

Margaretha Schmidt died two days after the execution of the will, and it was admitted to probate; her husband, Chas. W. T. Schmidt, being appointed the executor thereof.   She left personal property valued at less than $400 and real estate that sold for $7,800.   At the time of her death, she was jointly indebted with her husband to the amount of $3,376.33, $2,739.40 of which indebtedness was secured by mortgages on the real estate of which she died seised.   In addition to such joint indebtedness, other proper charges against her estate amounted to $1,672.14, so that the aggregate amount for which her estate was liable was $5,048.47.   The personal property being wholly insufficient to pay the debts of the estate, the executor made proper application for the sale of the real estate for that purpose, and, upon an order therefor being made, he sold the real property and paid the debts of the estate, including those secured by mortgages on the real property.   Thereafter the daughter, Lucia M. M. A. Hughes, brought this suit for a construction of the will of her mother, and praying that the executor, her father, be ordered to pay over to her one-third of the entire sum received from the sale of the real estate, without deducting therefrom any part

of the debts of the estate of her mother.    The trial court determined that she was entitled to one-third of what remained after payment of the debts and no more.    She appeals.

The appellant's contention that she is entitled to one-third of the gross sum received for the land is based on the third paragraph of the will, which, she says, provides absolutely for the payment of all debts of her estate from the proceeds of the sale of the personal property left by her, and on the fifth paragraph, which provides that "in case of sale, trade or exchange of any of said property, one-third part of the purchase price thereof shall be paid over" to her.    There is no serious disagreement between counsel as to the rules of law governing the construction of this will, but they differ widely as to their applicability in this particular instance.    It is, of course, true that the intent of the testator is to control, and it is equally as true that such intent must be determined from the will itself, if it can be done, and that for such purpose the will must be considered as a whole.    If the third paragraph of the will stood alone, it might with reason be said that the testatrix intended that the debts should be paid from the proceeds of the sale of the personal property, as distinguished from the real estate, and, if such were the case, it would follow that Mrs. Hughes would be entitled to one-third of the gross proceeds arising from the sale of the real estate, for the reason that it was competent for the testatrix to designate whether debts should be paid from personal or real property, and if she plainly intended to relieve her real property from any such burden, Mrs. Hughes would take one-third of the sale price thereof without any deduction on account of debts.    *Huston v. Huston,* 29 Iowa, 347.    But at the time the will was executed, there was a joint mortgage indebtedness of over $2,700, and an unsecured joint indebtedness of over $600.    These items were definite and fixed at that time, and Mrs.

Schmidt knew that they would have to be paid from the property that she left. It will be presumed that she knew the value of the personal property that she then had, and knew that it was of insufficient value to pay the expenses connected with her last illness, the funeral expenses, and the expenses of administration.

With these facts in mind, we go to some of the other provisions of the will for the purpose of determining, if possible, whether she intended to burden the estate that she gave to her husband with the entire indebtedness, notwithstanding the fact that the larger part of such indebtedness was then secured by mortgage executed by her to secure their joint indebtedness. In paragraph 2 of the will, it is expressly declared that all property shall be taken and held as the joint property of both in equal shares. The record shows that Mrs. Schmidt, in fact, owned all of the property, both real and personal, and it may, therefore, be said that she undertook, at least, to give her husband an undivided one-half interest in all of her property, in addition to the other provisions of the will for his benefit. And such declaration was, in effect, a recognition of each that the other was equitably entitled to one-half of the property, no matter in whose name the title might be. The fourth paragraph of the will says that the residue of the "property and estate, after satisfying" the charges and debts, shall pass to the survivor, with limitations, for the uses and purposes thereinafter expressed. This paragraph does not say that the residue left from the sale of the personal property shall be disposed of in the manner indicated, but it says that the residue of all of their property and estate shall be so disposed of. So that the property therein referred to clearly includes both personal and real. This is further manifest from the language used in paragraph 5, where it is said that the survivor "shall have the full and absolute use and control of such residue of property, real and personal, . . . and may

sell and incumber the same at his discretion." Whatever conclusion, then, would have to be drawn from a consideration of paragraph 3, if standing alone, will have to be modified if we give effect to the language of 4 and 5, which clearly indicates that it was the thought of the testatrix that a part, at least, of the real estate might be necessary for the payment of the charges and debts which she directed paid in the third paragraph. Another thing that throws light on the intent of Mrs. Schmidt is the provision in paragraph 5 that her husband might incumber the real estate without limit. There were then two mortgages on the property, and she evidently thought that it might be necessary to renew them, and that it might be necessary to give security thereon for their joint note that was then unsecured, or for some other purpose. She gave him unlimited power in the matter of incumbrance with the evident intent of relieving him as much as possible from the burden of present and future debts. She speaks of the sale and incumbrance of the residue of the property, and provides that a sale of such residue shall entitle the daughter to one-third thereof. It is clear to us that it was the intent of Mrs. Schmidt that her estate, both real and personal, should first be devoted to the payment of charges and debts, and that what was left thereof should pass to her husband, and then on as provided in the will, and we think that such intent is fairly apparent from the 'will and the conditions existing at the time.

The judgment of the district court will therefore be *affirmed*.