In re Estate of PHILLIP FELDNER, Deceased.

CARL HENRY FELDNER, Appellee, v. ANNA P. FELDNER, Administratrix of the Estate of Phillip Feldner, Deceased, Appellant.

Estates of decedents: FINAL SETTLEMENT: RETRIAL: STATUTES. The statute providing that where judgment has been entered upon default against a defendant served by publication only, he may move to have the action retried at any time within two years, applies only to civil or special actions and not to orders in probate, either upon final or interlocutory reports. In the latter case whatever the manner of service a party interested in the final settlement of an administrator or executor must attack the settlement within three months, unless there is a mistake justifying equitable proceedings. The notice required to be given of the final settlement of an administrator or executor is not exacted for the purpose of meeting any constitutional requirement, but is a matter of favor only, although it would be error to approve a final report without the notice.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

WEDNESDAY, OCTOBER 21, 1914.

APPEAL from an order granting a rehearing or a new trial upon the report of an administratrix, who gave notice of the hearing of her final report by publication only.—*Reversed* and *Remanded.*

*A. Van Wagenen* and *Thos. P. Cleary,* for appellant.

*O. D. Nickle,* for appellee.

DEEMER, J.—Anna P. Feldner was appointed administratrix with will annexed of the estate of Phillip Feldner, deceased, and proceeded to administer upon the estate. During the course of administration, she, upon due notice of parties interested, obtained a decree of court construing the will of the deceased, and acted upon that construction in the performance of her trust. On June 24, 1912, she filed a final report and asked an order of the court fixing the notice that should be given, and pursuant to her request the court ordered that the time for hearing be September 3, 1912, and that she give notice to all the heirs, including appellee herein, by publication in a newspaper of the county (naming it) for two consecutive weeks. This notice was given and proof of service duly filed. None of the parties appeared on the time so fixed, and the matter was passed until February 13, 1913, when it came on for hearing before the court, and the report was approved and the administratrix discharged, and her bondsmen were released. On September 15, 1913, Carl H. Feldner, appellee herein, filed a motion for a new trial upon the report, basing his right thereto on the thought that as the notice of the hearing was by publication only, he was entitled to such new trial at any time within two years. He alleged that he had a just and valid defense to the said report as filed, without indicating what the "defense" was. This motion was sustained, and the administratrix appeals.

Appellee seeks to sustain the order upon sections 3796 and 3438 of the Code, which read as follows:

Sec. 3796. When a judgment has been rendered against a defendant or defendants, served by publication only, and who do not appear, such defendants, or any one or more of them, or any person legally representing him or them, may, at any time within two years after the rendition of the judgment, appear in court and move to have the action retried, and, security for the costs being given, they shall be permitted to make defense; and thereupon the action shall be retried as to such defendants as if there had been no judgment; and upon the new trial the court may confirm the former judgment, or

may modify or set it aside, and may order the plaintiff to restore any money of such defendant paid to him under it and yet remaining in his possession, and pay to the defendant the value of any property which may have been taken in attachment in the action or under the judgment, and not restored.

Sec. 3438. The provisions of this Code concerning the prosecution of a civil action apply to both ordinary and equitable proceedings unless the contrary appears, and shall be followed in special actions not otherwise regulated, so far as applicable.

It is manifest, we think, that these sections have reference only to what the Code denominates civil actions, or special actions, and not to orders in probate, upon either final or interlocutory reports. No notice of the filing of either of these reports is necessary to meet any constitutional requirement, as the parties in interest are presumptively present or properly represented, either by the court or the administratrix, and the notice required by section 3422 of the Code is a matter of favor only. Of course, if not given as required, it is error to approve the final report; but this fact does not in any manner affect the rule just announced. Moreover, the Code expressly provides that:

Service as above shall be as effectual as if personally made, and actions and proceedings may be commenced and prosecuted in all respects as if such notices or orders had been personally served. Code, section 3404.

And sections 3398, 3399, and 3400 read as follows:

Sec. 3398. Mistakes in settlements may be corrected in the probate court at any time before his final settlement and discharge, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court.

Sec. 3399. Any person interested in the estate may attend upon the settlement of his accounts and contest the same. Accounts settled in the absence of any person adversely interested and without notice to him, may be opened within three months on his application.

Sec. 3400. Upon final settlement, an order shall be entered discharging him from further duties and responsibilities.

These sections clearly indicate that service by publication is of the same force and effect as personal service, and that, even where there is no notice of the hearing, one interested must attack the final settlement within three months. This is not an equitable proceeding to correct a mistake in the final settlement; hence section 3398 does not apply. Section 3400 states the effect of a final order of discharge.

Manifestly the Legislature did not intend that all orders discharging an administrator upon service by publication only should be subject to review at any time within two years as a matter of absolute right. To so hold would render all titles based upon an order of discharge hazardous at all times within two years from the entry of the order. We find no decisions justifying such a holding. The nearest approach to one is cited by appellee; it being *Huston v. Huston,* 29 Iowa, 347. But that was a proceeding where notice of some form was required to meet constitutional requirements.

It will be observed that the notice of the hearing of an administrator's report is to be given, no matter whether the parties in interest be residents or nonresidents. It does not appear whether the movant herein was a resident or a nonresident, or whether such a notice was of necessity by publication because no other could be given. We point to this fact, not as a conclusive, but as a good reason for holding that the statutes relied upon by appellee do not apply. If the rule be as he contends, and a party in interest be a resident and have actual notice from the publication, still he is not bound to act, for he has the absolute right to a new trial at any time within two years. Surely this is not the law. Our conclusions find support in *Gilruth v. Gilruth,* 20 Iowa, 225; *Whitcomb v. Whitcomb,* 46 Iowa, 437; *Van Aken v. Coldren,* 80 Iowa, 254. The sections relied upon by appellee have reference primarily to actions *in rem. Gilruth v. Gilruth, supra.* Even if defend-

ant, in an ordinary action, be a nonresident, the statutes relied upon by appellee do not apply, if he be served personally without the state. *Clark v. Tull,* 113 Iowa, 143.

The trial court was in error in sustaining the motion, and its order must be, and it is, reversed, and the cause remanded for one in harmony with this opinion.

*Reversed* and *Remanded.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.