GOLDIE T. J. MAPES et al., Appellants, v. NELLIE S. ROSE et al., Appellees.

WILLS: Construction—Testator's Intent. In the construction of
1   wills, the courts aim to ascertain and carry out, if possible, the
    testator's intention therein expressed; and in determining that

intent, the will must be considered as a whole, and effect given, if possible, to every clause.

WILLS:   Construction—Interests of Heirs.   The provisions of a
2   will giving to testator's minor children an undivided part of
real estate, and to his widow the income of the shares of the
minors until they are of age, and the use of the home farm
until the youngest child is of age, are not inconsistent, and
imply a gift of the fee to the children, subject to an estate
for years in the mother.

*Appeal from Cherokee District Court.*—C. C. BRADLEY,
Judge.

OCTOBER 14, 1919.

SUIT for the partition of real property. The court below sustained a demurrer to plaintiffs' petition, and entered a decree dismissing the same, and they appeal.—*Affirmed.*

*Claud M. Smith,* for appellants.

*Herrick & Herrick,* for appellees.

STEVENS, J.—Defendant Nellie S. Rose is the surviving spouse of Washington J. Tilton, who died testate, October 29, 1914. The plaintiffs and remaining defendants are his children, and legatees under the will. After providing for the payment of his funeral expenses, debts, etc., his will gives his widow the household goods, furniture, wearing apparel, and other similar property used in and about the home, absolutely, together with one third of the residue and remainder of his estate, real, personal, and mixed. The controversy in this case grows out of the following provisions of the will:

"Item Fifth. I give, devise and bequeath unto each of the following named children, Jay M. Tilton, Sylvia M. T. Freeman, Goldie J. T. Mapes, Boyd J. Tilton, Clarence M. Tilton, Jessie R. Tilton, Mark S. Tilton, Ray A. Tilton and

Nellie S. Tilton, they being all of my children, two twenty-sevenths (2/27ths) of the rest residue and remainder of my estate, of real, personal and mixed property of whatsoever nature and wheresoever situated, subject however, in the case of the minor children, to item sixth to be hereinafter noted.

"Item Sixth. It is my will and intention and I direct that my wife, Nellie S. Tilton, shall be appointed the guardian of all of my minor children, and that as compensation she shall be entitled to the use and benefit and income of said minor children's share until they shall reach their majority. In the case of any future children or child, he or they shall inherit in equal proportions to my present children, and their share shall be proportionally less. ·

"Item Seventh. I give unto my wife, Nellie S. Tilton, the free use of my home farm, it being the South Half (S ½) of the Southeast Quarter (S. E. ¼) of Section Number Twenty-nine (29), Township Number Ninety-three (93) North of Range Number Thirty-nine (39) West of the 5th P. M. until all of my children shall have attained their majority."

In the construction of wills, courts aim first to ascertain, and next, to carry out, the intention of the testator as expressed therein, if possible. In determining such intention, the instrument must be considered as a whole, and effect given, if possible, to each and every clause thereof. *Canaday v. Baysinger*, 170 Iowa 414; *Lingo v. Smith*, 174 Iowa 461; *Bellamy v. Bellamy*, 184 Iowa 1193; *Campbell v. Dunkelberger*, 172 Iowa 385; *Glenn v. Gross*, 185 Iowa 546; *In re Estate of Schmidt*, 153 Iowa 635; *McTigue v. Ettienne*, 155 Iowa 450; *In re Estate of Freeman*, 146 Iowa 38.

1. WILLS: construction: testator's intent.

It will be observed that the will under consideration

disposes of testator's real property as follows: (a) One third to his surviving widow; (b) two twenty-sevenths of the residue to each of his children; (c) requests the appointment of Nellie S. Tilton as guardian of his minor children, and that she receive as compensation the income from the shares of such minors until they shall have attained their majority; (d) to Nellie S. Tilton the free use of his home farm, until the youngest of his children shall have attained its majority.

2. WILLS: con-
struction: in-
terests of
heirs.

The contention of counsel for appellant is that the last provision is repugnant to the clause giving to each of the minor children the fee to two twenty-sevenths of all the real estate of which testator died seized, not devised to the mother. Separated from the remaining provisions of the will, the language of the fifth clause would clearly indicate an intention to pass a two-twenty-sevenths interest in the estate absolutely; and if the seventh clause is irreconcilable therewith, the latter must fail. The order in which the several clauses appear in a will is not controlling, as the instrument must be considered and construed as a whole. Nothing in the seventh clause is inconsistent with, or prevents, the vesting of the fee to the shares designated, in each of the beneficiaries named in the fifth clause. The manifest effect of the instrument is to vest the fee in the children, and an estate for years in the home farm in the surviving widow. The latter estate will terminate upon the attainment of majority by the youngest child of testator. The possession of the children only is deferred. As thus construed, each and every part of the will may be carried out according to the clear intention of the testator. The following, quoted from *Canaday v. Baysinger*, supra, is quite in point:

"The bequest to his wife created no particular estate in the wife by its terms. There is no provision that she

takes a fee or an absolute title, or that she is given the power of alienation. There is nothing to indicate the estate intended to be invested in the wife. Without further limitation upon this bequest, or rather, devise, it might be construed into an absolute devise; but with a limitation which is not inconsistent with the estate created, we are of the opinion that the testator intended, by what he calls a bequest or a wish, to give to the wife only such an estate as would terminate upon her death, and that, upon her death, the land be sold and be equally divided between the heirs. Where the will is capable of such a construction as gives to all the parts of the will the full force which the language imports, it must be so construed."

In this case, the clause devising to each of the children a two-twenty-sevenths interest in the portion of his real estate remaining after giving one third to his widow did not designate the particualr estate devised; and when the will is construed as a whole, it is quite apparent that the testator intended that the gift of the fee to the children was to be subject to an estate for years in their mother. The decree of the court below is right, and is, therefore,— *Affirmed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.