## IN RE ESTATE OF ANTON ULLRICH.

### CHRISTINA ULLRICH, Executrix, Appellant, v. CLEMENS ULLRICH et al., Appellees.

**WILLS: Rejection of Apparent Limitation.** A seeming limitation on an otherwise clearly granted power to a life tenant to sell, will not be given such effect if the court can, in reason, determine that such was not testator's intention. So held where a wife was given, for life and in lieu of dower, the income of a small estate, with an added provision that *"she"* might sell designated property, "if for any reason my wife as executrix thinks best to sell," etc.; it being held that testator very clearly did not intend the words *"as executrix"* to be a *limitation.*

**WILLS: Authority to Sell Property—Judicial Review.** Even though there be large warrant for the position that a will gives authority to a life tenant to sell without any court permission, the probate court may well assume jurisdiction of such an application, (1) when the application is made after the closing of the estate; (2) when the life tenant's interest depends on her continued celibacy; (3) when the interest of a minor is at stake; (4) when the proceeds of the proposed sale are, in a sense, to be invested "beyond the jurisdiction of the court;" (5) when, without· such permission, it might be impossible to induce buyers to purchase; and (6) when some fair doubt exists as to whether the judgment of the life tenant as to the advisability to sell is final, and beyond judicial review.

*Appeal from Monona District Court.*—GEORGE JEPSON, Judge.

OCTOBER 2, 1920.

ON December 7, 1915, Anton Ullrich made his last will. He died on January 16, 1916. The will was admitted to probate. It named appellant, Christina Ullrich, executrix, and she qualified and acted. The trial court found that, in May, 1917, the estate was fully settled, the executrix dis-

charged, and "her bondsmen released." So far as the order appealed from rests on finding the release of the bondsmen, it is erroneous; because, by reason of the provisions in the will, there were no bondsmen.

On the 24th day of June, 1919, Christina Ullrich filed a paper in probate, which was styled an "application to sell land." Therein it is recited that Christina is the widow of Anton Ullrich; that, "as such executrix," she has paid all the indebtedness of the estate, and has turned over to herself, the widow, "the real property." It is further alleged the will provides:

"If for any reason my wife as executrix thought best to sell the town property she shall have the right to do so, and to use the proceeds from the sale for any necessary purpose, or to invest in other property."

It is next alleged that applicant is endeavoring to educate her minor son, Bernard, now a student at the State University of Iowa; and that, in order that she may have the necessary means to complete his education, she needs to dispose of the "town property in Mapleton, as provided in said will." Further, it is alleged that she proposed to purchase a home in Iowa City, wherein she can board and room students, and so pay for the keeping of said minor; and that she will be unable to do this, unless permitted to sell said Mapleton property "belonging to estate of said decedent, and described in said last will." The prayer is that she "may be authorized to dispose of said premises and invest the proceeds in a home in Iowa City." This application was contested by the son older than Bernard. The court dismissed the application, and denied the right to dispose of said premises, as prayed. Christina A. Ullrich appeals.—*Reversed and remanded.*

*Prichard & Prichard,* for appellant.

*Miles W. Newby,* for appellees.

SALINGER, J.—I. This somewhat extended statement is

necessary, because appellee makes the point that no interpretation of the will is prayed, and that the application is

1. WILLS: rejection of apparent limitation.

nothing more than an application in probate for permission to sell land and to invest the proceeds.

Assuming, for the purpose of present discussion, that it makes a material difference whether or not the application is what appellee claims it to be, we have the question whether the claim made is tenable. We are of opinion that, while the relief sought is permission to sell and invest proceeds, such relief is asserted to be due because of the interpretation of the will on part of the applicant, and that, to save all question on whether applicant can give good title, and may reinvest, the court is asked to say whether the interpretation of the will on part of applicant is a correct one. Indeed, the court was compelled to construe the will, and, as will presently appear, did so.

II. The will gives to the wife (and not to the executrix) the net income of decedent's farm, after deducting for improvements made and taxes paid. It gives to her the use and income from his town property, and she is to have both incomes during her natural life, or so long as she remains single (and she has so remained). This income is in lieu of dower, and at her death, all the realty shall be divided equally between the two sons.

Were this all, it may be granted the court did not err in refusing permission to sell. With the title to vest in the two sons absolutely, as soon as the mother died, it could well be held that authority to sell any of the real property should be denied for any of many reasons, especially where application was made by one who had ceased to be executrix at the time she applied. But that is not all of the will. The testator put therein the following proviso:

"(7) If for any reason my wife as executrix thought best to sell the town property, she shall have the right to do so and to use the proceeds from the sale 'for any necessary purpose or to invest in any other property."

Manifestly, testator contemplated, when he inserted this, that circumstances might arise which would require authority somewhere to sell the town property before title vested, on death of the mother. And, as said, in denying the application, the court of necessity construed this proviso. The interpretation of the court was that, if "she" thought best, "she" had the right to sell the town property, and to use the proceeds for any necessary purpose, and to invest them in any other property; but that she had this right, only provided she thought this best "as executrix" —meaning that, unless she did this thinking while still executrix, there was no power in the court to sanction or to give effect to her thinking.

The parties agree, of course, that the intention of the testator, as it may be gathered from the circumstances surrounding the testator, when he made the will, and the words of the testament, fairly construed together, control. Applying these canons of construction, what was the intention of the testator? Can it be said he intended that the property might be sold only if his wife thought, "as executrix" (while still executrix), that it was best to sell it? Appellee tells us that it was the intention thus to limit the power to sell, because testator may well have thought, when he made the will, that, if it became necessary to raise money wherewith to meet debts and expenses, such necessity would develop while the wife was still executrix; and that, if it never became necessary to sell while she was still executrix, there would be no occasion to sell after that status ended. But what warrant is there for this claim made for the mental processes of the testator? Why should he, possessed of but a small estate, and giving power to sell, or to sell and re-invest for any necessary purpose, if she thought best, have intended by this provision that there should be no sale after she had ceased to be executor? What proves he believed that there could be no necessity, after she was discharged as executrix, which would make it best to sell the specified part of the realty? He made it plain he did not want the farm sold, and that, if there was a necessity to

employ larger means than he left in cash, the town property should meet that need. If, while his wife was executrix, illness or the needs of the minor son necessitated selling the town property, it would seem to be agreed that the proviso in the will authorized such sale. Is it possible the testator thought that no illness or need of the minor could exist or arise except while his wife was still executrix? Is it possible he thought that, if there was such illness or need after the executorship was ended, it would be unnecessary to meet them by sale of the town property? Did he think his estate would grow larger after the executorship was terminated, and that, therefore, the needs aforesaid could be met without resorting to a sale of the town property? And remember, it is a layman who put into the will the power to sell "as executrix." Grant that, had he been a trained lawyer, he would have understood this to be a limitation to the effect that she must think best to sell this property while still executrix. Grant that one learned in the law intends that technical words and rules shall be applied technically—which is what appellee claims for *Canaday v. Baysinger*, 170 Iowa 414, 419. But the record does not show he had such training, and it is a fair assumption that he was the ordinary layman. As to such, the rule asserted by appellee does not prevail, when the question under consideration is intent. Strictly speaking, one who admits he has "deeded," admits no more than that he has written and signed a deed. But a layman is held by such admission to confess delivery as well. *McKemey v. Ketchum*, 188 Iowa 1081. When the layman uses "heir," he is not held to have intended the strict meaning of the term, but to have referred to "child;" though, in strictness, a living person cannot have an "heir." *Rundel v. Matter*, 184 Iowa 518. See *Schmidt v. Northern Life Assn.*, 112 Iowa 41. If ascertained intention cannot operate wholly, "it must be allowed to operate as far as possible." Schouler on Wills (3d Ed.) Section 473. If the intended provision cannot be used while the executorship subsists, it should not stop needed use of such provision. If one makes a provision for another

through a trustee, and the trustee dies, the provision will not fail. See Schouler on Wills (3d Ed.) Section 476. Courts sometimes mold or change the language of a will, so as to carry out what appears to have been the intention of the testator. See Schouler on Wills (3d Ed.) Section 477.

We conclude it was not the intent of testator to limit the right of his wife to dispose of the town property during the term or time that she would be acting as executrix, or in the time limit fixed for the settlement of estates.

III. The troublesome question, if any there be, is whether the court might not have declined to act because the will gave power to sell without action by the court; whether testator did not intend that the wife should be the sole judge as to whether the town property should be sold, and as to the manner in which the proceeds should be used; whether, as appellee puts it, this is not a case where, if the will gives power to sell, appellant "need not petition the court;" whether she did not have power, without court action, to sell "for any reason."

But we treat the words "as executrix" as surplusage—as something which testator did not intend to be a limitation. On that theory, while there was no subsisting executorship, to give the court authority, we find there was still need to invoke its action, and

2. WILLS: authority to sell property: judicial review.

power to act. It can fairly be said that, so long as it was not certain that the wife would remain single, the possibility remained that court action would be invoked because a remarriage had taken place—which alone proves that the court remained open, if a reason for redistribution arose. It was always open for dealing with the needs of the minor, and with the disposition of the bequeathed property to that end, even if, in so doing, it dealt with matters "out of its jurisdiction,"—which would assume that an investment for the minor in Iowa City is outside of its jurisdiction. Granting that, by possibility, it may not have been necessary to ask the court for this permission, yet buyers might have

hesitated, unless such permission were obtained. And it is not strained to say that possibly the judgment of the widow as to the necessity and propriety of the proposed sale and reinvestment was not beyond judicial review. See *In Re Trusteeship of Clark*, 174 Iowa 449. The fact that she was no longer executrix when she applied will not support the refusal to give the authorization asked, any more than not being executrix at the time would bar the grantee of appellant from quieting title, had the court granted this application. We are of opinion that not being executrix at the time application was made and granted would most clearly not warrant a refusal to quiet the title.

On the theory of this opinion, a remand becomes necessary. The cause is remanded to the district court, with direction that it hear such evidence as may be adduced for and against the application, and then determine the same on the merits, and upon such evidence.—*Reversed and remanded.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.