LYDIA A. TRACY, Plaintiff, v. MARTHA McLAUGHLIN et al., Defendants; JOHN A. BEGGS, Appellant; ARCH LIVINGSTON et al., Appellees.

FEBRUARY 12, 1929.

*P. I. Harrison* and *Campbell & Campbell*, for appellant.

*Korf & Korf* and *Bradshaw, Schenk & Fowler*, for appellees.

STEVENS, J.—This appeal is from an order overruling a motion in a partition action by John A. Beggs, appellant herein, a nonresident defendant, served with original notice by publication only, to set aside a previous order by the court, approving the referee's report of distribution. It is conceded that appellant did not appear in the partition action personally or by attorney. The decree fixing and establishing the shares of the parties and appointing a referee to make sale of the land involved was entered December 19, 1919. A sale of the land was had, and the report of the referee of such sale approved, and distribution ordered. The date of this decree is not shown in the record, but the parties agree that it antedated the filing of the motion in question by more than two years.

On October 31, 1925, the order in question, approving the referee's report of distribution, was entered. Within two years thereafter, appellant filed a motion to set aside the order approving the referee's report of distribution and to grant appellant a retrial thereof. The motion was based upon Section 11595 of the Code of 1924, which is as follows:

"When a judgment has been rendered against a defendant or defendants, served by publication only, and who do not appear, such defendants, or any one or more of them, or any person legally representing him or them, may, at any time within two years after the rendition of the judgment, appear in court and move to have the action retried, and, security for the costs

being given; they shall be permitted to make defense; and thereupon the action shall be retried as to such defendants as if there had been no judgment."·

The motion was overruled by the court, upon the objection of the parties in interest that same was not filed within two years after the final decree and judgment was entered. The question here presented is: What constitutes the judgment in a partition action? The following sections are pertinent:

"Sec. 12325. · After all the shares and interests of the parties have been settled in any of the methods aforesaid, decree shall be rendered establishing the rights of the parties, confirming the shares and interests of the owners of the lands, and directing partition to be made accordingly."

"Sec. 12334. Upon the report of the referees being approved, a decree shall be rendered confirming the partition and apportioning the costs as herein provided, entering judgment therefor." ,

The two years' period within which a motion may be filed commenced to run from the date of the judgment, and not from the time of entering a default. *Walker v. Cameron,* 78 Iowa 315.

The final decree in a partition action is entered after the report of sale by the referee and the approval thereof by the court. At the time of the entry of this decree, judgment shall be rendered for costs. These are the plain provisions of Section 12334. The entry of final judgment is preceded by default, or a trial upon the merits.

The contemplation and purpose of Section 11595 was to protect the rights of nonresident defendants served only by publication, and to permit them, within two years, to secure a retrial of the merits of the action. The appellant finds no fault with the decree fixing and establishing the shares of the parties, or with the final decree, approving the report of the referee, ordering distribution, and entering judgment for costs. The granting of a motion by a nonresident defendant served by publication only, when filed within two years after judgment, does not operate to set the same aside, but only to grant the movant a trial for the purpose of determining whether or not he has a defense to the action. *Stanbrough v. Cook,* 86 Iowa 740; *Clark v. Ellsworth,* 84 Iowa 525.

As will be observed, the attack in this case is upon the order of the court approving the referee's report of distribution. The hearing on this report in no respect involves the merits of the action. It involved nothing more than the performance of the order of the court entered as a part of the final decree and judgment in the action. The default was on the part of the referee. If the allegations of the motion are true, a fraud was practiced by him upon the court, and also upon appellant. The effect of an order sustaining the motion in question would extend no further than to remove an obstacle in the way of appellant to an action on the bond of the referee. The order approving the report of distribution is not the judgment referred to in Section 11595. Appellant relies upon *Huston v. Huston*, 29 Iowa 347. In that case, the attack by motion was upon an order for the sale of real estate, entered in probate. It was held that the proceeding came within the provisions of Section 3160 of the Revision, which corresponds with Section 11595, Code of 1924. It was necessary, as pointed out in the opinion of the court in *In re Estate of Feldner*, 167 Iowa 150, that notice be given. It does not appear in the *Huston* case whether movant was a resident or a nonresident, but it is shown that a notice of the proceeding was served upon him by publication. It is held in the *Feldner* case that Section 11595 is not applicable to proceedings in probate. The notice referred to in Section 11595 is the original notice of the commencement of the action, and the judgment contemplated is the one entered upon a trial of the merits of such action. This is as true in a partition action as in any other, notwithstanding the provision for the entry of an interlocutory and final decree therein. Obviously, the motion was not filed within two years after judgment was entered, and it was, for this reason, properly overruled.—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.