Killmer v. Wuchner.

---

## KILLMER v. WUCHNER *et al.*

1. **Will : CONSTRUCTION : REPUGNANT CLAUSES.** The will in question was as follows: "J. W. gives all his property * * * in care and power of his wife Dorothea, to do with said property to her best will, on condition that said Dorothea shall be bound and shall take care and see that, of the property left, she, as mother, shall get one-third, and each of the children * * * shall also have one-third as their own property. In case the said Dorothea should never marry again, then said Dorothea shall have full power and the right to use the interest of the said property for her own proper use and the use of the children. After the decease of said Dorothea, then the whole property left shall go to my children, J. J. W. and G. G. W." *Held*—

| 74 | 359 |
| 79 | 723 |
| 74 | 359 |
| 93 | 464 |
| 74 | 359 |
| 95 | 174 |
| 74 | 359 |
| J101 | 357 |
| 74 | 359 |
| 106 | 720 |
| 74 | 359 |
| 107 | 609 |
| 74 | 359 |
| j118 | 272 |
| 74 | 359 |
| 132 | 439 |
| 74 | 359 |
| 143 | 728 |

    (1) That the widow and each of the children took one-third in fee.

    (2) That the last clause, intending to direct the descent of the property after the death of the widow, was void, because repugnant to the absolute bequest of one-third to her. (Compare *Rona v. Meier*, 47 Iowa, 607.)

2.  **Adverse Possession** : BY TENANT IN COMMON : STATUTE OF LIMITATIONS. The seizin and possession of one tenant in common are the seizin and possession of the others, and the statute of limitations will not operate in favor of the former to give him title by adverse possession, unless it be sole and exclusive, with the knowledge and acquiescence of the co-tenants. (Compare *Burns v. Byrne*, 45 Iowa, 285, and see opinion for application of rule.)

*Appeal from Keokuk Circuit Court.*

FILED, MAY 8, 1888.

ACTION in equity to quiet in plaintiff the title to eighty acres of land. The circuit court found that plaintiff was the owner of the undivided one-third of the land, and entered judgment quieting his title to that amount, and he appeals.

*C. G. Johnston*, for appellant.

*Mackey & Fonda*, for appellees.

REED, J.—The land formerly belonged to Joseph Wuchner. He died in the state of Kentucky, in 1854, leaving surviving him Dorothea, his widow, and the defendants, his children, one of whom was one year and the other three years old. He also left a will, which was admitted to probate in a court of that state having probate jurisdiction. The widow afterwards intermarried with Philip Strohman. In 1864, she and her husband executed a deed which purported to convey the land to John Killmer, and in 1866 said John Killmer executed a conveyance thereof to plaintiff. In 1862, Philip Strohman, claiming to be the guardian of the defendants, executed a conveyance of the land to John Killmer, but it is shown that he never was in fact appointed guardian, and no claim is now made under that conveyance. When plaintiff received the conveyance from John Killmer, he took possession of the land,

which was then wild and uncultivated, and improved the whole of it, erecting buildings and fences thereon, and reducing it to cultivation; and his occupancy continued until the institution of this suit, which was in February, 1885, and during all of that time he received, and he now retains, all of the rents and profits of the place. It is contended in behalf of plaintiff (1) that by the will of Joseph Wuchner the whole estate was devised to the widow, or that she at least was empowered by it to sell and convey the property; and (2) if that was not the effect of the will that, plaintiff's possession being of the whole of the property, and under a claim of ownership of the whole, the defendants are now barred by the statute of limitations from asserting title to any portion of it.

I. The will of Joseph Wuchner is as follows:

"Joseph Wuchner gives all his property after his decease, after deducting funeral expenses, in the care and power of his wife, Dorothea Wuchner, to do with said property to her best will, on condition that said Dorothea Wuchner shall be bound and shall take care and see that, of the property left, she, as mother, shall get one-third, and each of the children born in wedlock with me by her shall also have one-third as their own property. In case the said Dorothea Wuchner should never marry again, then the said Dorothea Wuchner shall have full power and the right to use the interest of the said property left for her own proper use and the use of the children. After the decease of said Dorothea Wuchner, then the whole property left shall go to my children, John Joseph and George Gustave Wuchner. This my last will to wife, Dorothea Wuchner, and named J. J. and G. G. Wuchner, attest with my name and signature.

"JOSEPH WUCHNER."

1. WILL; construction; repugnant clauses.

We think this will is a devise of one-third of the estate to each of the children and the like interest in fee to the widow. Under the statute in force in this state at the time of the husband's death (chap. 61, Acts 4th Gen. Assem. 1853) the widow,

in the absence of a will, would take but a dower estate in the real estate of the husband. The intention to confer upon her an estate in fee is clearly expressed in the will; and the intention that the extent of such estate should be one-third of the property is also clearly expressed. The last clause in the will was intended by the testator doubtless to direct the descent of the property after the death of the widow. But, as it is repugnant to the absolute bequest of one-third to her, under the settled rule of construction in this state it is void. *Rona v. Meier*, 47 Iowa, 607.

We think also that the intention that the children should each take one-third of the estate is expressed in the will. That intention is expressed in the following language: "That said Dorothea Wuchner shall be bound and shall take care and see that, of the property left, she, as mother, shall get one-third, and each of the children * * * shall also have one-third as their own property." It is not entirely clear just what was intended by the preceding provisions of the will. By them the property is given unto the "care and power of the widow, and the right and power is conferred upon her" to do with said property to her best will. If the intention of the testator was to be gathered from those provisions alone, perhaps it would be said that the whole estate was devised to the widow. But in arriving at that intention all of the language of the instrument must be considered, and force must be given to all of its provisions, if that can be done under the settled rules of the law. It is clear, we think, that it was the intention of the testator that whatever rights or power were conferred upon the widow by the provisions preceding that quoted above should be controlled and limited by it, for by the express language of the clause those rights and powers were conferred on the condition named in it; so that, when all of the language is considered, the intention to be gathered from it is that each of the children should take one-third of the estate, but that the widow should have the care and control and management of it. Whether that power ceased when

the children attained their majority it is not now material to inquire. Neither is it important to inquire whether the power is limited or controlled by the subsequent provision to the effect that the widow, in case she did not remarry, should have the right to use "the interest of the said property for her own proper use and the use of the children." We reach the conclusion that the widow took but one-third of the property under the will, and that she was not empowered by it to dispose of the interests of the children in the real estate. The deed from the widow to John Killmer, then, conveyed to him but an undivided one-third of the property.

II. As stated above, plaintiff was in possession of the property from 1866 to 1885, claiming during all that time that he was the owner of the whole of 2. ADVERSE possession: by tenant in common: statute of limitations. it. The defendants, however, during all of that time were non-residents of the state, and during part of the time were minors. While they knew that their father had owned land in this state, they did not know of the attempted disposition of it by their mother and stepfather. Nor did they know of plaintiff's claim of ownership, or that he was in possession of it. The facts of the case bring it within the rule of *Burns v. Byrne*, 45 Iowa, 285; viz., that the seizin and possession of one tenant in common are the seizin and possession of the others, and the statute of limitations will not operate in favor of the former to give him title by adverse possession unless it be sole and exclusive, with the knowledge and acquiescence of the co-tenants.

AFFIRMED.