MELVIN D. HAMBEL, *et al.*, v. LUCELIA A. HAMBEL, Executrix, *et al.*, Appellants.

**Wills:** PRECATORY WORDS. A devise was of all testator's property, unconditionally, to his widow, with full power, as executrix, to sell and convey, followed by directions to divide the property remaining at her death among his children, and in case she remarried, two-thirds of the property then remaining to be divided among his children. *Held*, That the widow took a fee under the first clause, and the subsequent directions must be treated as precatory.

GRANGER AND GIVEN JJ. dissenting.

*Appeal from Mashall District Court.*—HON. OBED CASWELL, Judge.

SATURDAY, OCTOBER 21, 1899.

ACTION for the interpretation of the will of James W. Hambel, deceased, and for other relief. A demurrer to the petition was overruled, and, the defendants refusing to plead further, a decree was rendered in favor of the plaintiffs. The defendants appeal.—*Reversed.*

*Boardman & Boardman* for appellants.

*Milton C. Brown, Alexander Young* and *Meeker & Meeker* for appellees.

ROBINSON, C. J.—The will in question was made on the 18th day of January, 1890, and the portions material to a determination of the questions presented are as follows: *"First.* I devise and bequeath to my wife Lucelia A. Hambel, all my property, both real and personal, of every

kind and description, that I may own at my decease. *Second*. I further direct that at the decease of my said wife all the property then remaining shall be equally divided between my children, except W. O. Hambel, youngest son, that may be living at the time of my decease. *Third*. I nominate and appoint my wife, Lucelia A. Hambel my sole executrix, with full power to settle my estate and execute this, my will, with full power to sell and convey all real and personal property which I may die possessed; and I hereby direct that she shall not be required to give bonds or report to court as executrix. *Fourth*. I further desire and direct that, in case my said wife shall marry after my decease, then upon said marriage two-thirds of my said property then remaining shall be equally divided between my said children, as directed in second par. herein." In January, 1896, the testator, then a resident of Marshall county, died, and his widow became the executrix of his estate, pursuant to the terms of his will. He had been twice married, and had three children by each wife. The children by the first wife were the plaintiffs, Melvin D. and Marcus B. Hambel, and W. O. Hambel, mentioned in the will, who died after the will was made, but before the death of his father. The three children by the second marriage are daughters, all of whom, with the husbands of two who are married, are joined with the executrix and the widow as parties defendant. It is contended by the plaintiffs that the will gave to the widow but a life estate in the property of the decedent, and by the defendants that the will gave to her the unqualified and absolute title to the property. The district court adjudged that the widow was entitled to a free and unlimited control, management, and use of the estate of the decedent during her lifetime, with full power to use, control, and dispose of it, and of the income therefrom, "for her personal use, comfort, benefit, pleasure, support, and maintenance," provided she should remain unmarried; and that at her death each of the children of the deceased who survived

him should take an undivided one-fifth of the property of
the estate then remaining; and that in case of the mar-
riage of the widow each of said children should receive an
undivided one-fifth of an undivided two-thirds of so much
of the estate of the decedent as should then remain. The
decree further provided that none of the estate should be
disposed of by the widow, except for her personal use, bene-
fit, comfort, and pleasure, and for the benefit of the estate.
On a former submission of this cause an opinion was filed,
but, a petition for a rehearing having been presented and
sustained, the cause is again submitted for our consideration.
The decree is criticised by the appellants as being indefinite
and uncertain, and calculated to lead to controversy and
further litigation; but, in view of the conclusion we reach,
the form of the decree is not important. For the purposes
of this appeal we shall treat the ruling of the district court
on the demurrer and the decree as an adjudication to the
effect that the will gave to the widow but a life estate in
the property of the testator in case she did not remarry, or
an undivided one-third of it if she did.

The appellees contend that the will in controversy
falls within the rule which governed in *Iimas v. Neidt,*
101 Iowa, 348; *Jordan v. Woodin,* 93 Iowa, 453; *Stivers
v. Gardner,* 88 Iowa, 307, and similar cases, but we are
of the opinion that a comparison of the provisions of the
wills construed in those cases with the one in controversy
will disclose clear and controlling differences. The primary
rule of all the cases has been to ascertain and give effect
to the intent of the testator. *Wescott v. Binford,*
104 Iowa, 645. The will involved in *Iimas v. Neidt* con-
tained the following: "I give and bequeath to my youngest
daughter, Katherine Kline," land, which was duly described.
That provision, not modified, would have given to the devisee
the fee title to the land to which it referred, but subsequent
provisions gave to the widow the use of the land during
the minority of the children, and made it liable for the

payment of certain money. These and other provisions of
the will showed that the testator did not intend to give to his
daughter Katherine absolute power to dispose of the property,
and that she did not take the fee. The will considered in
*Jordan v. Woodin, supra,* was of a somewhat similar char-
acter. It contained provisions which, taken alone, would
have transferred the absolute and unqualified title to the
property to which they referred, but the will as a whole
showed that the testator did not intend that the provisions
referred to should give an unconditional and absolute title.
The will considered in *Stivers v. Gardner,* 88 Iowa, 307,
gave to the husband of the testatrix certain land. The lan-
guage, "I give and devise," if unmodified, was sufficient to
convey title in fee with power of sale, but provisions which
followed showed that the testatrix did not intend that the
husband should have power to dispose of the land. On the
contrary, other provisions showed that he was to have the use
of the property only during his lifetime, and so long as
he should remain unmarried, and that after his death it
was to go to a son of the testatrix, subject to a lien to secure
the payment of a bequest to a daughter of the testatrix.
Other cases relied upon by the appellees are of a similar
character.

The will in controversy belongs to a different class.
The provision, "I devise and bequeath to my wife, Lucelia
A. Hambel, all my property, both real and personal, of
every kind and description, that I may own at my decease,"
was sufficient, if unmodified, to give to the widow the
absolute and unqualified title to all the estate of the decedent
not required to pay debts, with unlimited power to sell and
convey it. It is insisted that the estate thus conveyed is
limited by the second and fourth paragraphs. It will be
observed, however, that each of those paragraphs refers, not
to any specific property or share, but to the property which
should remain when the event referred to should take place,
thus recognizing the right of the widow to dispose of prop-

erty belonging to the estate. Therefore the case is governed'. by the rules which were stated. in *Bills v. Bills,* 80 Iowa,. 269, as follows: *"First.* When an estate or interest in land is devised, or personalty is bequeathed, in clear and absolute- language, without words of limitation, the devise or bequest. cannot be defeated or limited by a subsequent doubtful pro- vision inferentially raising a limitation upon the prior devise or bequest. *Second.* When there is an absolute or- unlimited devise or bequest of property, a subsequent clause,. expressing a wish, desire, or direction for its disposition after the death of the devisee or legatee, will not defeat the devise or bequest, nor limit the estate or interest in the property to the right to possess and use during the life of' the devisee or legatee. The absolute devise or bequest stands, and the other clause is to be regarded as presenting precatory language. The will must be interpreted to invest in the devisee or legatee the fee-simple title of the land and the absolute property in the subject of the bequest." Those rules have been applied frequently by this court, and,. although some of its members have thought they were departed from in one or two cases, a careful examination of all the cases will show that the rules have been uniformly applied in cases which fell within their scope. In *Halliday v. Stickler,* 78 Iowa, 388,—a case which involved a pro- vision which gave to the husband of the testatrix all her real and personal property which was not otherwise dis- posed of, and provided that whatever of it should be left at his decease should be equally divided among his children and their heirs,—it was held that the husband took an absolute title to the property devised and bequeathed to him, and that the direction respecting that part which he should leave at his death was without effect. It was said that this court had repeatedly held that, "if the first devisee has power, by the terms of the will, to dispose of the prop- erty, he must be considered the absolute owner, and any limitation over is void for repugnance." The same rule

was clearly announced in *Rona v. Meier*, 47 Iowa, 607, and has been followed in numerous cases cited in those to which we have referred, and in the recent case of *Law v. Douglass,* 107 Iowa, 606. We would not be justified in reviewing all the cases to which our attention has been called, but have referred to the most important of those decided by this court upon which the parties rely. It is sufficient to say that those relied upon by the appellees are not governed by the rules which are applicable in this case. There can be no doubt that the will in question gave to Lucelia A. Hambel all the property of the estate, with unlimited power to dispose of all of it which was not required to pay claims against the estate, and the second and fourth paragraphs must be regarded as precatory merely. It follows, from what we have said, that the plaintiffs were not entitled to any relief, and that the demurrer to the petition should have been sustained. The decree of the district is therefore REVERSED.

GRANGER and GIVEN JJ., dissenting.