WILLIAM BUCHANAN, Appellee, v. BLACKHAWK COAL WORKS, Appellant.

**Pleading:** DEMURRER: PLEADING OVER: EFFECT: REVIEW ON APPEAL.  Where a demurrer is overruled and the party demurring pleads over, the questions raised by the demurrer, while not adjudicated by the ruling, will not be considered on appeal unless again properly raised during the trial.

*Appeal from Wapello District Court.*—HON. ROBERT SLOAN, Judge.

FRIDAY, JANUARY 23, 1903.

JUDGMENT for plaintiff, and defendant appeals.—*Affirmed.*

*Work & Lewis* for appellant.

*Steck & Smith* for appellee.

BISHOP, C. J.—This case, with three others, each presenting a like question, were tried together in the court below, and, an appeal having been taken in each case, the same are submitted together in this court, and may be disposed of in one opinion. The Blackhawk Coal Works is defendant in each of the cases, and the plaintiffs in the three additional cases are Charles Williams, William Ford, and John Partington, respectively. What is said in this opinion, therefore, may be taken as having full application to each of the cases.

In the petition it is alleged, in substance, that the defendant is engaged in operating a coal mine in this state; that it is indebted to plaintiff, in a sum named, for labor actually performed in digging coal in said mine; that payment for said labor has been demanded and refused. Judgment is asked for the sum alleged to be due, and for the further sum of $1 for each day after five days from the date of demand, as a penalty, and for attorney's fees and costs. A demurrer was filed, in which the claims made for a penalty in the sum of $1 per day and for attorney's fees are attacked; it being said that section 2490 of the Code, authorizing a penalty and attorney's fees in such cases, is in violation of certain designated provisions of the constitution of this state and of the United States. This demurrer was overruled, whereupon the defendant answered, admitting the performance of services on the part of plaintiff, and that, in part, the same had not been paid for. As to such unpaid part, it is alleged that the same was not due under the contract between the parties at the time this action was commenced; that, at the time when due, payment will be made; that, this action being brought prematurely, no recovery can be had. Upon the

issue thus joined, a trial was had to the court, resulting in judgment for plaintiff for the amount claimed by him, including the penalty demanded, and for attorney's fees and costs. The ruling of the court below upon the demurrer filed by defendant is assigned as error. Taking into view the condition in which we find the record, we cannot consider such assignment. The error, if any such was involved in the ruling complained of, was waived by pleading over. *Frum v. Keeney*, 109 Iowa, 393.

In the case cited the precise question here involved was fully considered, and it was held that chapter 96, Acts 25th General Assembly, "was not designed to permit a review of the ruling on a demurrer which had been overruled, where the party demurring had afterwards filed an answer or reply, but to provide that the ruling should not have the effect of an adjudication, and to permit the party demurring unsuccessfully to question the sufficiency of the pleading in other ways during the progress of the trial, as by a motion to direct the verdict or in arrest of judgment." The question involved in the demurrer not having been again presented by the answer or otherwise during the trial, it follows that the same cannot be the subject of review on this appeal.

It is contended in argument that the court erred in computing the amounts due to the several plaintiffs. No error based on such ground is assigned, and, in any event, such matter cannot be considered, as we do not have the evidence in the case before us.

The judgment in each of the several cases is AFFIRMED.