MARY J. TALBOT, T. F. MILLER and ESTHER MILLER, Appellants, v. MAUD SNODGRASS, C. C. CLIFTON, as Administrator of the Estate of NANCY CRONIN, Deceased, C. C. CLIFTON, as Administrator of the Estate of JOHN S. CRONIN, Deceased, and ANNIE TIMMONS.

Wills: DISTRIBUTION: CONDITIONAL DEVISES.  Where a will provides
1   that the real estate shall be sold by the executors, converted into personal property and distributed as such, the technical rules governing conditional devises of real property are not applicable, unless the will explicitly so requires.

Construction: REPUGNANCY.  Where a devisee takes an absolute estate in fee simple, any provision of the will seeking to dispose of
2   tate in fee simple, any provision of the will seeking to dispose of

the property, after the title has vested in the devisee, is void for repugnancy.

*Appeal from Pottawattamie District Court.*— Hon. O. D. Wheeler, Judge.

WEDNESDAY, JULY 13, 1904.

PLAINTIFFS, as legatees under the will of Nancy Miller, deceased, asked that they be declared to be the owners, by virtue of the provisions of said will, of certain property bequeathed by the will to Nancy Cronin, now deceased, who died after receiving the legacy given to her by the will of said Nancy Miller. A demurrer to plaintiffs' petition was sustained, and, plaintiffs electing to stand upon their petition, judgment was rendered against them, and they now appeal.— *Affirmed.*

*J. J. Stewart,* for appellants.

*Harl & Tinley,* for defendant Annie M. Timmons. *W. H. Killpack,* for defendants C. C. Clifton, administrator, and Maud Snodgrass.

McCLAIN, J.— The material portions of the will of Nancy Miller, so far as they relate to the property in controversy, are as follows:

Second. I devise and bequeath all the remainder of my estate, real and personal, wherever situate, unto my six children, named as follows: James M. Miller of Stafford County, Kansas; Mary J. Talbot of Birmingham, Iowa; Nancy I. Cronin of Des Moines, Iowa; Henry C. Miller of Clark County, Missouri; Theodore F. Miller of Winfield, Iowa; Ione M. Hathaway now temporarily in Scotland County, Missouri, share and share alike equally.

* * * * * * * * * * *

Fourth. If I should die seized of any real estate I authorize my executor or executors to sell the same at public or private sale as may be deemed best by him, and to execute

conveyances therefor, and to divide the proceeds as herein provided equally among my children after paying my debts.

Fifth.   If any of my children are dead at the time of my death, issue of such child or children shall take the same share as the parent would take if living, and if there be no issue then my surviving children and surviving issue of children shall take all the estate.

Sixth.   The several devises and bequests herein made to my children are made with the following restrictions and provisions, to wit:   If any of my said children shall die without leaving any issue, then all of the money or property received by such child by virtue of this will shall descend to and be divided among such of my children as shall then be living, and the surviving issue of such as may not be living, the issue of any of my children not living at the time taking the share of the parent.

Under paragraph two of this will, Nancy Cronin, before her death, received her share of the property of the testatrix, and, treating it as belonging to her in her own right, without limitation or condition, invested a portion of it in certain real estate, and held the balance as personal property; and it is this real and personal property in the hands of her administrator and her husband's administrator and her grantees to which plaintiffs seek to assert title, claiming that, as said Nancy Cronin died without issue, said property reverted to them under the provisions of the sixth paragraph of the will.   In short, the contention of plaintiffs is that, while the second paragraph of the will, taken alone, would be an absolute and unconditional bequest to Nancy Cronin of a share in Nancy Miller's property, without condition or limitation, this second paragraph must be construed as limited by the sixth paragraph so as to constitute a bequest to each of the legatees named, with the condition that the share bequeathed, in the event that any legatee die without issue, should pass to the other legatees or their issue.

One argument made for the appellees is that the sixth paragraph relates only to a case where a legatee named in the

second paragraph has died before the death of testatrix.   But this, we think, is not sound.   Such a contingency is provided for in the fifth paragraph.   If the sixth paragraph is to be given any effect, it constitutes a limitation upon the bequests in the second paragraph, a limitation which reduces such bequests made from absolute bequests in fee to bequests with a condition subsequent, and the question is whether the sixth paragraph can be given any effect in view of the absolute and unconditional terms used in the second paragraph.

It is to be noticed as important in bearing upon the construction to be given to these paragraphs that while the second speaks of real and personal property, the fourth provides that all the real property of which the tes-

**1. Distribution:** conditional devises.

tatrix dies seized is to be sold by her executors and converted into personal property, and distributed as such, so that we have here a case relating entirely to the distribution of personal property.   Now, whatever may be the technical rules as to devises of real property in fee tail or on condition, it is well understood that such limited dispositions are not usually made as to personal property, the ownership of which necessarily involves a power of disposal.   It is no doubt true that personal property may be bequeathed in fee tail or on condition, but such a construction should not be put on the provisions of a will giving a legacy unless the language clearly and explicitly requires it. No such an interest in real property as that of an estate in fee tail or conditional fee simple has been generally recognized.

The language of the second paragraph plainly indicates an absolute bequest of the shares of personal property therein referred to, and the provision of the sixth paragraph is absolutely inconsistent therewith.   Under the doctrine announced by a majority of this court in *Meyer v. Weiler*, 121

**2. Construction:** repugnancy.

Iowa, 51, the sixth paragraph must be disregarded, and the provisions of the second paragraph be given full force and effect.   It is not necessary

to reargue the question decided in that case, nor to cite the various authorities on which the opinion of the majority is based.   It is sufficient to say that when a devisee or legatee takes an absolute estate in fee simple, any provision of the will as to what disposition shall be made of the property thus passing to him in the event that he dies without issue or upon any other contingency subsequent to the vesting of such absolute estate in fee simple must necessarily be void.   There can be no reversion or remainder or executory devise after an absolute fee-simple estate.

The action of the lower court in sustaining the demurrer to plaintiff's petition was therefore correct, and the judgment for defendants is *affirmed*.

WEAVER, J.— I concur in the result announced in the foregoing opinion, but do not agree in the thought that the sixth paragraph of the will is void for repugnancy, or that this case comes within the rule of *Meyer v. Weiler*, 121 Iowa, 51.