AUGUSTA REICHAUER, FRITZ KOKOMULLER, WILLIAM KOKOMULLER, AUGUSTA KOKOMULLER, LENA STOLL, GEORGE KOKOMULLER, WILLIAM RANDAU, FRED RANDAU, CARL RANDAU, CLEMENS RANDAU, LENA LYON, Appellants, v. JOHN BORN, JULIA BARTLES, DORA GLENWEICKEL, HERMINIE HUEG, LOUIS HUEG, HERMAN HUEG, AUGUST HUEG, FRITZ HUEG, WILLIAM HUEG, HEINRICH POLANDT and KAROLINE POLANDT.

**Wills:** CONSTRUCTION: ESTATE DEVISED. Where, by the language of a will, the testator neither qualifies the estate given nor limits the time of its enjoyment the legatee takes a fee simple. In this case the testator gave to his widow all his estate and provided that she should take the same as his only heir; that if she should not make any changes, which she was at liberty to make, after her death the remaining estate to be disposed of in a specified way; and it is *held* that the widow took a fee simple estate, and that the reference to the disposition of the remaining estate was purely precatory. Weaver, J., dissenting.

*Appeal from Story District Court.*—HON. C. E. ALBROOK, Judge.

WEDNESDAY, JUNE 7, 1911.

WILLIAM RANDAU died testate March 27, 1892, leaving seventy-one and five tenths acres of land. Subsequently his widow married John Born. She died July 27, 1909. A suit in partition was begun February 17, 1910, by persons claiming under the will of William Randau. To this petition John Born demurred on the ground that to the widow was devised the fee, and therefore her heirs were entitled to the property. The demurrer was sustained, and, as plaintiffs elected to stand on the ruling, the petition was dismissed. Plaintiffs appeal. *Affirmed.*

*E. H. Addison,* for appellants.

*G. A. Underwood,* for appellees.

LADD, J.—The testator, William Randau, died testate in 1892, and the sole inquiry is whether his widow took a life estate in his property under his will or absolute title thereto. The will reads: "To my wife, Caroline Randau, I give all my earthly estate movable and immovable; she shall be the only heir of my entire estate. If my wife does not make any changes which she is at liberty to do if she chooses, after her death, one hundred dollars shall be given for the benefit of the Evangelical Lutheran Church, the pastor of Boone, or the near German Settlement can give information about it. I also want a suitable tomb stone put up. The remaining estate shall be equally divided among the seven following named heirs: (Here are enumerated those who are to take each share and in event of the death of any, who shall succeed.) I also appoint my wife guardian of this estate. In her hands I leave this testament as she shall have a right to change it if she desired and release her of giving security of any kind." Upon the death of his wife, others are named as "guardians" of the estate. The language em-

ployed by the testator leaves little room for construction. He undertook neither to qualify the estate given to his widow nor to limit the time of its enjoyment. In these respects the will is to be distinguished from *Pool v. Napier,* 145 Iowa, 699, where the gift was of "the use and benefit of all property," and from *Podaril v. Clark,* 118 Iowa, 264, where the gift of property was "for her natural life." Not only is the gift in terms absolute, but, apparently to avoid any other conclusion, he declared his wife "the only heir of my estate." That he so intended is further manifested by subsequently twice recognizing her right to change the disposition of the property. Therein he must have proceeded on the theory that the gift was of an absolute fee.

The only basis for the contention that a life estate was intended is the effort to dispose of the "remaining estate" supposedly on the death of his wife, but, where the gift to the first taker is absolute, the estate is exhausted, and there is no remainder to dispose of, and such language is regarded as purely precatory. *Law v. Douglass,* 107 Iowa, 606; *Channell v. Aldinger,* 121 Iowa, 297; *Meyer v. Weiler,* 121 Iowa, 51.

The court rightly construed the will as devising the entire estate to the widow, and that plaintiffs derived no interest therein. *Affirmed:*

WEAVER, J., dissents.