T. BENTON MOORE, Appellant, v. JESSIA A. MOORE DICK et al., Appellees.

No. 39649.

JUNE 24, 1929.

*William M. Glenn* and *J. M. C. Hamilton,* for appellant.

*Johnson & Martin,* for appellees.

EVANS, J.—Both parties claim under the will of Herod F. Moore, probated in the year 1895. Moore was thrice married, and, was survived by children of each marriage. Henry was the sole surviving child of the first marriage, and is in no manner involved in this litigation. T. Benton Moore and Ella M. Moore were the surviving children of the second marriage. Jessia A. Moore (later Mrs. Dick) and Emma B. Moore were the surviving children of the third marriage. Maggie Moore was the surviving widow. The gifts of real estate were set forth in the first six paragraphs of the testator's will, which we set forth as follows, omitting descriptions:

"1. I give and bequeath to my beloved wife, Maggie Moore, the home place upon which I now live and which comprises * * * to be hers during the natural lifetime and after her death, the realty above described shall go to and vest in our daughter, Emma B. Moore.

"And I further give to my wife, Maggie Moore, and my said daughter, Emma B. Moore, together one half of all the personal property of which I may die seized.

"2. I give and bequeath to my son, T. Benton Moore, for his use and benefit during his lifetime, the west part * * *.

"3. I give and bequeath to my daughter, Ella M. Moore, in fee simple, the following land, viz: * * *

"4. I give and bequeath to my daughter, Jessia A. Moore, in fee simple, the following land, * * *

"5. I give to my son Henry Moore, the sum of $1.00 and no more as I have given him prior to this time the sum of $3,500.00 in full and ample of all he can claim for which I hold his receipt and which I attach to this my last will and make same a part hereof as Exhibit 'a.'

"6. At the death of T. Benton Moore, the land herein bequeathed to him in the second clause hereof shall go to his chil-

dren if he has any issue and if no children survive him, then said realty shall vest in the other heirs herein mentioned except said Henry Moore.

"7. I order that the 40 acres tract which I own and which is known as the north ½ east ½ northeast ¼ Section 20, Township 69, N. R. 7 W., be sold and the proceeds thereof added to my personal estate.

"8. Having in the first clause of this will disposed of the one half of my personal estate by giving same to my wife, Maggie Moore, and daughter, Emma B. Moore, I now give and bequeath the other one half to T. Benton Moore, Ella May Moore, and Jessia A. Moore, share and share alike.

"9. In case that either of my said legatees dies without leaving issue, then and in such case, the property herein bequeathed to him or her shall go to the other heirs herein mentioned, except Henry Moore, who is already fully provided for."

It will be noted that by Paragraph 1, a remainder was devised to Emma B. Moore. This devisee survived her father, but did not survive her mother. She died in 1900, survived by her mother, who died in 1923. Emma died without issue and intestate, and the mother died intestate, survived by Jessia A. Moore (Dick), as her sole heir. Pending this suit, the defendant Jessia A. Moore Dick died, survived by Emma Mae Dick, as her sole heir. The latter has been accordingly substituted as party defendant, in lieu of her mother.

The theory of plaintiff is that, under Paragraph 1 of the will of Herod F. Moore, Emma B. Moore took only a contingent remainder, which could vest only upon the death of Maggie Moore; and that, under Paragraph 9, Emma having died without issue before her mother, the devised property passed in equal shares to the surviving children of the testator, excluding Henry. This would mean that T. Benton Moore, Ella M. Moore, and Jessia A. Moore took share and share alike. On the other hand, the theory of the defendants is that Emma B. Moore took a vested remainder under Paragraph 1; that it was in no manner affected by Paragraph 9; that, upon her death, intestate, it passed to her mother, as her sole heir; and that, upon the death of the mother, intestate, it passed to Jessia A. Moore, as the sole heir; and that, upon the death of Jessia A. Moore, pending the suit, it passed to

Emma Mae Dick, as her sole heir. This latter contention was sustained by the district court.

I. Disregarding, for the moment, Paragraph 9 of the will, and looking to Paragraph 1 alone, we have presented a fairly typical case of vested remainder. We find no expression therein indicating a purpose to postpone the vesting except the words ''after her death.'' This of itself is insufficient to defeat the vesting of the remainder. We have always held that such mere expressions as ''from and after'' or ''at'' or ''on'' the death of the life tenant are ordinarily to be construed as postponing only the time of enjoyment, rather than the time of vesting of the fee. *Lingo v. Smith*, 174 Iowa 461, 468.

II. The plaintiff's principal reliance in argument is upon Paragraph 9 of the will. This section provides:

''In case that either of my *said legatees* dies without leaving issue, then and in such case, the property herein bequeathed to him or her shall go to the other heirs herein mentioned, except Henry.''

We see nothing in this paragraph which is available to the plaintiff for the purpose to which it is invoked. The death of every legatee was inevitable at some time. The time of death  contemplated as a condition in this paragraph is not specified. It might have reference to the death of the legatee before that of the testator, or before that of the life tenant, or at any time in the future. In the absence of other specification, the presumption obtains, in such a case, that the time of death referred to is before the death of the testator. So, in this case, if Emma B. Moore had died before the testator, this paragraph might then become operative according to its terms. There is a further obstacle confronting the plaintiff at this point. This paragraph does not in terms purport to apply to real estate. It will be observed that the first six paragraphs purport to fully dispose of the real estate, as such. Paragraph 7 purports to convert one 40-acre tract into personalty, and to make the same a part of ''my personal estate.'' Paragraph 8 deals solely with personalty, and Paragraph 9 connects itself therewith, with the words ''my *said legatees*.'' It is true that we will treat the terms ''legatees'' and ''devisees'' and the words ''devise'' and ''bequest'' as

synonymous, for the purpose of giving effect to the manifest intention of the testator. It does not follow that the discriminate use of these words is to be ignored in the ascertaining of the intent of the testator. Paragraph 8 was strictly a legacy, and the beneficiaries therein named were legatees. When it is considered that Paragraph 9 was made applicable to all of these legatees, and that it was not applicable to one, as distinguished from the others, and when it is further considered that it would be impossible to apply it to all these beneficiaries, as devisees, plaintiff's difficulty is much intensified. By way of illustration, let us attempt an application to the various devises of real estate. The widow, Maggie Moore, was one of the legatees. To apply Paragraph 9 to the devise of real estate to her, would be at once absurd. She took only a life estate. She would leave no real property to pass under Paragraph 9. The devise to plaintiff is in Paragraph 2. It is for a life estate only. If we apply Paragraph 9 to this devise, the same absurdity appears. Suppose we apply Paragraph 9 to Paragraph 3. This is a devise in "fee simple" to Ella M. Moore. She survived the testator, and is still in being. Is her "fee simple" clouded or incumbered by Paragraph 9? If, 40 years hence, she should die, without issue, then, according to plaintiff's contention, her title would fail. This could be so only on the theory that Paragraph 9 created a condition subsequent. This would be wholly inconsistent with the "fee simple" conveyed by Paragraph 3. The two paragraphs, therefore, could not be construed consistently if the theory of plaintiff be adopted. Paragraph 4 gives to Jessia A. Moore certain real estate in "fee simple." What is said concerning Paragraph 3 is also applicable here. In our judgment, the only consistent construction permissible to Paragraph 9 is to say that it has reference to personalty only. This emphasizes also the presumption that the time of death of the legatee in contemplation of the testator was a death before the death of the testator. Otherwise, the paragraph could have no practicable application even to personal property. In this case, the death of the legatee occurred five years subsequent to the death of the testator. What would become of liquid and changeable personal property in that period of time? According to plaintiff's contention, the paragraph would be applicable though the death of the legatee were postponed for 50 years.

We reach the conclusion that the district court correctly con-

strued the will, and entered proper decree. The decree is, accordingly,—*Affirmed.*

ALBERT, C. J., and KINDIG, WAGNER, and GRIMM, JJ., concur.