A. R. FRAZIER, Administrator De Bonis Non, et al., Appellants, v. B. J. WOOD, Special 'Administrator, Defendant, Appellant, W. N. GRAVES, Executor, et al., Defendants, Appellees. .

No. 42329.

JUNE 23, 1934.

OPINION MODIFIED DECEMBER 13, 1934.

REHEARING DENIED APRIL 5. 1935.

See, also, 214 Iowa 237, 242 N. W. 78; 215 Iowa 1202, 247 N. W. 618.

Wright & Baldwin, Geo. S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellants.

Bolter & Murray, J. A. Murray, and Robertson & Wolfe, for appellees.

KINTZINGER, J.—J. W. Read died testate November 7, 1892. His will was duly admitted to probate. May Hill, daughter of the testator, was named as one of the beneficiaries in the will. The material parts of the will involved are paragraphs 2 and 13, but, as a consideration of the entire will may assist in a proper construction thereof, we herein set it out as follows:

"I, James W. Read, of Logan * * * Iowa, declare this to be my last Will and Testament.

"I. I direct that all my just debts, etc. * * * be paid * * * out of my personal estate.

"II. I give and bequeath all the residue and remainder of my personal estate to my wife, Martha A. Read, and my son, Rollin H. Read, and to my daughter, May Hill, in equal shares.

"III. In the event of the decease of my said wife, Martha A. Read, prior to my own decease, then I give and bequeath the residue and remainder of my personal estate to my said son, Rollin H. Read, and to my said daughter, May Hill, in equal shares.

"IV. In the event of the decease of either my said son, Rollin H. Read, or my daughter, May Hill, prior to my own decease, *without leaving any child or children,* or issue of such child or children, surviving him or her, then I give and bequeath the residue and re-

mainder of my personal estate to the one, either my said son or my said daughter, then surviving.

"V.   I give and devise the several tracts or parcels of real estate described in the schedule hereto annexed, marked 'Schedule A', * * * to my said wife, Martha A. Read, to have, hold and use the same during the term of her natural life.

"VI.   I give and devise the. * * * real estate hereinbefore devised to my said wife, Martha A. Read, during * * * her natural life, upon her decease, in equal shares to my said son, Rollin H. Read, and to my said daughter, May·Hill, * * * during the term of their natural lives.

"VII.   I give * * * to my said son, Rollin H. Read, the * * * real estate described in * * * Schedule B, * * * during the term of his natural life.

"VIII.   I give * * * the * * * real estate hereinbefore devised to my son, Rollin H. Read, * * * upon his decease, to the child or children of my said son, Rollin H. Read, and * * * to the heirs and assigns of such children forever.

"IX.   I give and devise to my *' * * daughter, May Hill, the * * * real estate described in * * * 'Schedule C', * * * during the term of her natural life.

"X.   I give and devise the * * * real estate ·hereinbefore devised to my said daughter, May Hill, * * * upon her decease, to the * * * children of * * * May Hill, and * * * to the heirs and assigns of such child forever.

"XI.   In the event of the decease of my said son Rollin H. Read, without leaving any * * * children or issue * * * surviving him, then I give * * * the * * * real estate * * * devised to * * * Rollin H. Read * * * to my said daughter, May Hill, * * * during the term of her natural life.

"XII.   In the event of the decease of * * * May Hill, without * * * children, or issue * * * surviving her, then I give * * * the * * * real estate * * * devised to my said daughter * * * during her * * * natural life, to my son Rollin H. Read, to have, hold and use the same during * * * his natural life.

"XIII.   In the event of the decease of both my said son Rollin H. Read, and my said daughter, May Hill, without leaving any child or children, or issue of such child or children, surviving them or either of them, then I give, devise and bequeath all the residue and remainder of my estate, both real and personal, to such persons as

may be my legal heirs and distributees at that time, to be distributed in accordance with the statutes then in force.

"XIV. * * * Subscribed my name, this 30th day of November, 1891.

"[Signed]   James W. Read."

The amount received by May Hill under paragraph 2 of the will was the sum of $5,732.97. It is claimed by appellant that this amount was invested and reinvested by May Hill during her lifetime so that at her death, with interest and accumulations thereon, it amounted to over $48,000 for which plaintiffs ask an accounting and judgment at this time. There is no evidence to show what use May Hill made of the $5,732.97, or how it was invested. The May Hill estate is valued over $48,000. The evidence in the record, however, shows that this property was accumulated by wise and thrifty investments made by May Hill from the rents and income of the real estate to which she had been given a life estate. May Hill died testate in September, 1930. B. J. Wood was appointed special administrator, and later W. N. Graves was appointed executor of her estate.

This action was commenced in equity on September 15, 1931, to recover the money received by May Hill from her father's estate, with interest, on the theory that under paragraph 13 of the will she took only a conditional estate in the $5,732.97 received by her, and, because of her failure to leave issue, the amount received by her under paragraph 2 reverted to plaintiffs as heirs of J. W. Read, deceased.

The defendants attacked plaintiffs' petition by a motion to dismiss, on the grounds that the personal property bequeathed to May Hill under paragraph 2 was not limited to a conditional estate, by the provisions of paragraph 13, and because the personal property received by her under the will was an absolute bequest, and because paragraph 13, if it was a limitation at all, required that *both Rollin Read and May Hill die without either one leaving any children.* This motion was overruled. The defendant appellees, did not stand upon the action of the court in overruling their motion, and did not allow judgment to be entered against them. On the contrary, they filed an answer to the petition denying the allegations thereof generally, except those relating to the death of J. W. Read, deceased, and those relating to the execution of the will, which were admitted. Plaintiffs then attacked defendants' answer by a motion to dismiss

and for a judgment, on the grounds that the allegations therein were not sufficient to constitute a defense. This motion was also overruled, and later plaintiffs filed a reply. Both parties appealed from rulings of the court on each of the motions.

It was determined by this court on those appeals that neither one of the orders of the lower court was appealable, because the parties did not stand upon the rulings of the court, and suffer judgment to be entered against them thereon. Frazier v. Wood, 215 Iowa 1202, 247 N. W. 618. After the case was returned to the lower court, it was tried upon its merits.

Appellants contend that the action of the lower court in overruling defendants' motion to strike plaintiffs' petition was a final adjudication of this action, and that under such ruling plaintiffs are entitled to the relief demanded in their petition. The lower court decided that its action in overruling the defendants' motion to dismiss was not a final adjudication, and that it was not an appealable order because the defendants failed to stand upon the ruling and because no judgment was entered against defendants thereon.

In the former appeal of this case we held that, because the defendants did not stand upon the ruling of the lower court and allow judgment to be entered against them, the order overruling plaintiffs' motion to dismiss was not appealable. The lower court held that its former ruling on the motion to dismiss did not constitute an adjudication. The case proceeded to trial, and at the conclusion thereof the court ordered and adjudged that under paragraph 2 of the will May Hill received an absolute estate in the money sought to be recovered herein, and entered a decree accordingly. Hence this appeal.

I. This being an action in equity, it is contended by appellee that a motion to dismiss the petition has the same effect as a demurrer to a petition at law, and that the action of the lower court in overruling the defendants' motion to dismiss does not constitute a final adjudication.

Section 12823 of the Code provides:

"An appeal may also be taken to the supreme court from: * * * (3) an order which * * * sustains or overrules a demurrer in a law action; or sustains or overrules a motion to dismiss in an equitable action."

It is the settled rule of law in this state that no appeal will lie from the action of the lower court in sustaining or overruling a demurrer unless the losing party stands on the ruling and permits judgment to be entered against him thereon. Wilcox v. McCune, 21 Iowa 294; Cowen v. Boone et al., 48 Iowa 350; Hampton v. Jones, 58 Iowa 317, 12 N. W. 276; Seippel v. Blake, 80 Iowa 142, 41 N. W. 199, 45 N. W. 728; Thorpe Bros. & Co. v. Smith, 86 Iowa 410, 53 N. W. 274; Roddy v. Gazette Co., 163 Iowa 416, 144 N. W. 1009; Greeson v. Greeson, 185 Iowa 1096, 171 N. W. 601; Hansen v. Ind. Sch. Dist., 193 Iowa 417, 186 N. W. 922, 21 A. L. R. 260; Hanson v. Carl, 201 Iowa 521, 207 N. W. 579; Morrison v. Carroll Clinic, 204 Iowa 54, 214 N. W. 705; Neese v. Furry, 209 Iowa 854, 227 N. W. 510; Porterfield v. Grand Lodge A. O. U. W., 212 Iowa 1181, 236 N. W. 381; Dorman v. Credit Reference & Reporting Co., 213 Iowa 1016, 241 N. W. 436.

In Dorman v. Credit Reference & Reporting Co., supra, loc. cit. 1022, we said:

"It has always been the rule that no appeal will lie from the ruling of the court on a demurrer unless the party whose pleading is challenged has elected to stand thereon and permits judgment to be entered against him. The same rule exists under recent statutes which provide for a motion to dismiss in equity cases in lieu of a demurrer."

In Frazier v. Wood, 215 Iowa 1202, loc. cit. 1206, 247 N. W. 618, 619, we said:

"From an early day until the present time, it has consistently been held by this court that an appeal will not lie from a ruling on a demurrer unless the appellant stands on the demurrer or suffers judgment to be entered against him. * * * Consequently there is no doubt concerning the meaning of the statute, above quoted, so far as it relates to a demurrer."

It is also the settled rule of law in this state and especially in this case, under our ruling on the former appeal herein, that the ruling on a motion to dismiss in an equity action has the same effect as a ruling on a demurrer in a law action, and no appeal will lie from either unless the losing party stands upon the ruling and suffers judgment to be entered against him thereon. Frazier v. Wood, supra; Morrison v. Carroll Clinic, supra; Benjamin v. Jackson,

207 Iowa 581, 223 N. W. 383; Hawthorne v. Andrew, 208 Iowa 1364, 227 N. W. 402; Schwartzendruber v. Polke, 205 Iowa 382, 218 N. W. 62.

In the former appeal of this action in Frazier v. Wood, supra, loc. cit. 1206, we said:

"As suggested before, the language of the statute in relation to a motion to dismiss in equity is identical with that having to do with a demurrer at law. Undoubtedly, as before indicated, *it is necessary for appellants to stand on their motion to dismiss the same as they must stand on a demurrer when they appeal from a ruling on demurrer.*" (Italics ours.)

In Morrison v. Carroll Clinic, supra, loc. cit. 55, we said:

"It is conceded, and properly so, that the motion to dismiss was the same, in effect, as a demurrer to the answer at law."

As this has been declared to be the law by our former decisions and by our pronouncement on the former appeal in this very case, we are forced to hold that the ruling on the motion to dismiss had the same effect as a ruling on a demurrer in a law action. It necessarily follows that, in order to appeal from the ruling thereon, it was necessary to stand upon the ruling on the motion to dismiss and permit judgment to be entered against them. Therefore the orders of the lower court in overruling defendants' motion to dismiss plaintiffs' petition and in overruling plaintiffs' motion to dismiss defendants' answer were not a final adjudication. The overruling of a motion to dismiss, or a demurrer, is not an adjudication of the question thereby raised. Error, if any, in the ruling, is waived by pleading over, and the same questions may again be raised by an answer after a motion to dismiss or demurrer has been overruled. Code, section 11144; Watkins v. Railway Co., 123 Iowa 390, 98 N. W. 910; Frum v. Keeney, 109 Iowa 393, 80 N. W. 507; Buchanan v. Blackhawk Works, 119 Iowa 118, 93 N. W. 51; Back v. Back, 148 Iowa 223, 125 N. W. 1009, L. R. A. 1916C, 752, Ann. Cas. 1912B, 1025; McCord v. Page County, 192 Iowa 358, 184 N. W. 625.

Before there can be an adjudication of any case, it is necessary that a judgment be rendered against the losing party. There was no such judgment entered in this case. We have already held there was no appealable order entered. It necessarily follows that there

was no final adjudication. The lower court so found, and we find no error therein.

II. The greatest part of plaintiffs' claim is for over $40,000, as interest and accumulations, on the original bequest of $5,732.97. If plaintiffs are entitled to any amount under the will (which is not conceded) it would be upon the theory that paragraph 13 placed a limitation upon the bequest to May Hill in paragraph 2 by making her bequest conditional upon her leaving issue.

It is the well-settled rule that, although a person has only a conditional fee in certain property, it is none the less a fee, which gives complete right of ownership to the devisee until the condition under which the fee is broken arises. 21 C. J. 923, section 18; Des Moines City R. Co. v. Des Moines, 183 Iowa 1261, 159 N. W. 450, 165 N. W. 398, L. R. A. 1918D, 839.

In the latter case on page 1267 we said:

"A condition in a deed by which the property is to revert to the grantor upon an event which may or may never occur gives rise to what the books call the 'possibility of reverter,' and serves in some degree to qualify the fee created by the conveyance. But it remains true that an estate so conveyed is nevertheless a fee, and the grantee thereof is the owner so long as the estate continues and until the reverter takes place. * * * 'Until the happening of the contingency, or a breach of the condition by which the precedent estate is determined, it retains all the characteristics and qualities of an estate in fee. Although defeasible, it is still an estate in fee.' "

It is our conclusion that in no event could plaintiffs' claim against the May Hill estate exceed the amount she actually received from her father's estate, and this would not exceed $5,732.97. It is our holding, therefore, that, even if the bequest to May Hill could be determined to have reverted to the heirs of J. W. Read, deceased, they would not be entitled to more than $5,732.97.

III. Appellants contend that paragraph 13 limits the bequest made to May Hill under paragraph 2 in such a manner that in case of her death without issue the bequest given her therein reverts to the legal heirs of J. W. Read, deceased.

Paragraph 2 provides: "I give and bequeath *all the residue and remainder of my personal estate* to my wife, Martha A. Read, and my son, Rollin H. Read, and to my daughter, May Hill, in equal shares." Standing alone, this is an absolute bequest, and must be

so considered unless paragraph 13 can be construed as a limitation thereon. Paragraph 13 provides: "In the event of the decease of *both my said son Rollin H. Read, and my said daughter, May Hill, without leaving any* * * * *children* * * * *surviving them or either of them,* then I give, devise and bequeath all the residue and remainder of my estate, both real and personal to * * * my legal heirs."

It is conceded that James W. Read and Mattie Frazier are the sole heirs of J. W. Read, deceased, and as such would be entitled to his personal property if paragraph 13 is construed in the manner contended for by appellants. Ordinarily the bequests made in paragraph 2 of the will, standing alone, give to May Hill an absolute title to the personal property given her therein.

It is the settled rule of law in this state that a testator cannot make an absolute devise or bequest of property in one provision of his will and in a subsequent clause make a different provision repugnant and inconsistent with the first. Iowa City State Bank v. Pritchard, 199 Iowa 676, 202 N. W. 512; Elberts v. Elberts, 159 Iowa 332, 141 N. W. 57; Halliday v. Stickler, 78 Iowa 388, 43 N. W. 228; Bills v. Bills, 80 Iowa 269, 45 N. W. 748, 8 L. R. A. 696, 20 Am. St. Rep. 418; Hambel v. Hambel, 109 Iowa 459, 80 N. W. 528; Baldwin v. Morford, 117 Iowa 72, 90 N. W. 487; Meyer v. Weiler, 121 Iowa 51, 95 N. W. 254; Goldsmith v. Petersen, 159 Iowa 692, 141 N. W. 60; Bradford v. Martin, 199 Iowa 250, 201 N. W. 574; In re Final Report of Campbell, 209 Iowa 954, 229 N. W. 247; Moore v. Dick, 208 Iowa 693, 225 N. W. 845; Killmer v. Wuchner, 74 Iowa 359, 37 N. W. 778; Reichauer v. Born, 151 Iowa 456, 131 N. W. 705; In re Proctor's Estate, 95 Iowa 172, 63 N. W. 670; Talbot v. Snodgrass, 124 Iowa 681, 100 N. W. 500; Todd v. Stewart, 199 Iowa 821, 202 N. W. 844.

Likewise we have announced a rule that, where a bequest in one part of the will is followed by a limitation in another, the rule hereinabove referred to will not apply unless the first provision is in terms made absolute. In re Guardianship of McCauley, 213 Iowa 262, 235 N. W. 738; Canaday v. Baysinger, 170 Iowa 414, 152 N. W. 562; Hiller v. Herrick, 189 Iowa 668, 179 N. W. 113; Boekemier v. Boekemier, 157 Iowa 372, 138 N. W. 493.

Paragraph 13 of the will attempts to make a subsequent and different distribution of the property already disposed of by paragraph 2.

Paragraph 2 of the will also gives a similar interest in the decedent's personal property to his wife and his son Rollin Read. The construction contended for by the appellants would require us to hold that the testator, who gave his wife a one-third interest in his personal property, intended that at the death of May Hill without issue, that the mother's estate would have to account for the amount of personal property she received from the estate to her husband's heirs. It is hardly conceivable that the testator ever intended such a condition to arise. It is our conclusion, after a careful consideration of the entire will, under the facts and circumstances of this case, that it was not the testator's intention to place any such limitations upon the bequest given to the beneficiaries in paragraph 2, and that, if there was any attempt on the part of the testator to place any limitation upon the bequests made in paragraph 2, it has failed of its purpose. It is not our province to make a new will for the parties, but we must take the one presented. It is our conclusion that the provisions of paragraph 2 give the beneficiaries therein named an absolute estate in the bequests therein recited. In Todd v. Stewart, 199 Iowa 821, loc. cit. 825, 202 N. W. 844, 845, we said:

"The intention of the testator being ever the polestar in the interpretation of wills, the object is always to discover that intention as expressed in the will, under established and recognized canons of construction. But, as has frequently been said, there are some things that even a testator cannot do. It is settled by an unbroken line of decisions that where a will gives an absolute title in fee, any attempt in a subsequent clause to defeat, destroy, or limit the title or estate so given is held to be inconsistent with the disposition so made, and does not affect it. The two provisions are in their nature and under the law repugnant, and the subsequent attempted limitation upon what has once been expressly given must fail. Alden v. Johnson, 63 Iowa 124, 18 N. W. 696; Bills v. Bills, 80 Iowa 269, 45 N. W. 748, 8 L. R. A. 696, 20 Am. St. Rep. 418; Talbot v. Snodgrass, 124 Iowa 681, 100 N. W. 500; Luckey v. McCray, 125 Iowa 691, 101 N. W. 516; Ogle v. Burmister, 146 Iowa 33, 124 N. W. 758; Canaday v. Baysinger, 170 Iowa 414, 152 N. W. 562; Bellamy v. Bellamy, 184 Iowa 1193, 169 N. W. 621."

The provisions of paragraph 2 of the will so plainly and unequivocally show an intent of the testator to make an absolute bequest that we are forced to hold that May Hill received an absolute

estate in the personal property given her in paragraph 2 of the will.

For the reasons set out, we believe the decree of the lower court was right, and the same is hereby affirmed.

All Justices concur.