IN RE ESTATE OF JAMES H. BIGHAM.
BEATRICE SCOTT BIGHAM McINERNEY, Appellant.

No. 45017.

1024

FEBRUARY 6, 1940.

Gillies & Schaefer and Cornell & Erhardt, for appellees.

F. J. Kennedy and Hunt & Hunt, for appellant.

A. B. Williams and Burn Bannister, for Louise French and Frances and Edward Farlow.

Charles C. Ayres, Jr., for J. A. Lowenberg, administrator of the estate of James Bigham, and J. A. Lowenberg, administrator de bonis non of the estate of Rebecca A. Bigham.

Jordan M. Work, for Mabel Farlow.

STIGER, J.—The heirs at law of Rebecca A. Bigham, a devisee under the will of her husband, James Bigham, brought this suit to secure a construction of the will alleging that Mrs. Bigham, who predeceased her husband, was given an undivided one-half interest in the estate, and under the antilapse statute, section 11861, they inherited the property devised to Mrs. Bigham. The trial court sustained the claim of the heirs. Beatrice Scott Bigham McInerney, a beneficiary under paragraph three of the will, appealed. The material portions of the will are as follows: ·

"First, I desire that all my debts and funeral expenses shall be first paid out of any property of which I may die seized.

"Second, I will and bequeath to my beloved wife Rebecca A. Bigham one half of all property I may own at the time of my death, real personal and mixed, after the payment of my debts and funeral expenses, to own, hold and enjoy as her own.

"Third, I hereby will and bequeath to Beatrice Scott Bigham McInerney wife of John McInerney, now of Sioux Falls, South Dakota, being a girl we have raised since she was about three years of age, an equal undivided interest in my estate with my brothers and sisters.

"That is, I will and bequeath all the property of which I may die seized, subject to clauses one and two of this will, to said Beatrice Scott Bigham McInerney, my brothers Robert Bigham and Wm. T. Bigham and My Sisters Florence Childers and Daisy Bigham to be equally divided between them. In case of the death of any of the beneficiaries named herein then the share hereby willed to such beneficiary shall go to his or her children if any, and if no children then such share or shares shall go to the other beneficiaries named in this clause of this will equally."

Appellant contends that paragraph two did not devise and bequeath to Mrs. Bigham a fee simple estate in an undivided one-half interest in the property of the estate. She says that the will did not vest any estate in the wife; that the words in paragraph two "to own, hold and enjoy as her own" made the devise conditional on her surviving the testator and the

ownership and enjoyment was limited to her and was not intended for her heirs. She states in her argument:

"We contend this is the situation in the Bigham Will. The intention of the testator was not to pass an absolute estate to his wife, but limited it to a life estate, she having died prior to his death, the estate never vested and there is nothing to pass on to her heirs."

Appellant concedes the well-established rule that a testator cannot make an absolute devise of his property in fee and in a subsequent clause destroy or place a limitation on such title, the subsequent limitation being void for repugnancy. But she contends this rule does not apply because paragraph two does not in terms give the beneficiary an absolute fee simple title and the limitation on the devise to Mrs. Bigham found in paragraph three, being consistent with the estate created by paragraph two, must control, citing in support of this proposition, Frazier v. Wood, 219 Iowa 36, 255 N. W. 647; In re Guardianship of McCauley, 213 Iowa 262, 235 N. W. 738; Iowa City St. Bk. v. Pritchard, 199 Iowa 676, 202 N. W. 512; Hiller v. Herrick, 189 Iowa 668, 179 N. W. 113; Canaday v. Baysinger, 170 Iowa 414, 152 N. W. 562.

In Iowa City St. Bk. v. Pritchard, supra, at page 678, the opinion states:

"It is also settled that, where no particular estate in property is in terms given, although the words used, if standing alone, would be construed as the gift of the entire estate, or an estate in fee, yet, by giving effect to other parts of the will, it may be determined that the testator intended to give but a life estate, and the bequest will be so construed."

The cited cases have no appropriate application to the will in this case as paragraph two by its express terms "own, hold and enjoy as her own" gave Mrs. Bigham an unqualified fee estate.

The testator gave one half of all property "I may own at the time of my death" to his wife "to own, hold and enjoy as her own."

In 22 R. C. L. at page 75 it is stated:

"The meaning of the term 'Owner' is varied and depends

in a great measure on the manner of its use. When used alone it imports an absolute owner or one who has complete dominion of the property owned, as the owner in fee of real property.''

We are of the opinion, as above stated, that the language used by the testator in paragraph two created and conveyed an absolute title to one half of the estate to the beneficiary.

Assuming that paragraph two did not in terms make an absolute devise of property in fee to the beneficiary, though standing alone it would be construed as conveying an estate in fee, we find no limitation on the estate created in paragraph three. In paragraph three the testator ''subject to clauses one and two of this will'' gives all of his property to his foster daughter, Beatrice McInerney, and his brothers and sisters in equal shares. The sentence ''in case of the death of any of the *beneficiaries named herein* then the share hereby willed to such beneficiary shall go to his or her children if any and if no children then such share or shares shall go to the *other* beneficiaries named in this clause of this will equally'' (italics supplied) clearly refers to the beneficiaries named in paragraph three. It will be noticed the will states that if ''any of the beneficiaries named herein'' die leaving no children, such share or shares shall go only to the ''other beneficiaries named in this clause of this will equally'', Mrs. Bigham, beneficiary under paragraph two, being excluded from participating in the property disposed of by paragraph three.

Paragraph three does not purport to modify or limit the estate created by paragraph two.

We hold that Rebecca A. Bigham was devised and bequeathed one half of all the property of the testator in fee simple and that the appellees, heirs of Rebecca A. Bigham, inherited the property given to Mrs. Bigham under section 11861. —Affirmed.

HALE, RICHARDS, SAGER, MITCHELL, BLISS, OLIVER, MILLER, and HAMILTON, JJ., concur.